In re PIPER ADEN GOODALL CO.

(District Court, N. D. California.    April 6, 1898.)

No. 11,339.

1. SHIPPING—LIMITATION OF OWNER'S LIABILITY—ALTERNATIVE PRAYER.
   The owner of an American steamer may, while denying all liability for any damage by reason of a collision, and consequent loss of cargo, make the alternative prayer that, if the court find the petitioner or steamer liable, the petitioner may then have the benefit of Rev. St. §§ 4283–4285, and the acts amendatory thereof, limiting the liability to the interest which the owner has in the vessel and cargo.

2. SAME.
   Section 3 of the Harter act (27 Stat. 445), which refers to any vessel transporting goods "to or from any port in the United States," applies to vessels engaged in commerce on the Bay of San Francisco, and between different ports on the bay.

ₒ This was a petition by the Piper Aden Goodall Company, owner of the steamer Sunol, for limitation of liability.

Charles A. Shurtleff, for petitioner.

DE HAVEN, District Judge.    On March 17, 1897, the American steamer Sunol, owned by the petitioner herein, and engaged in carrying freight and passengers between San Francisco and Vallejo, in this state, came into collision with the bark Olympic in the Bay of San Francisco; and as a result the steamer was thrown upon her side, filled with water, and her cargo became a total loss.    Subsequently she was righted, and her injuries repaired.    The petitioner then instituted this proceeding, in which, while denying all liability for any damage by reason of the collision, and consequent loss of the cargo of the steamer, and "claiming the right in this court to contest any liability therefor, either for itself or said steamer Sunol," the petitioner nevertheless claims the benefits of the provisions of sections 4283–4285 of the Revised Statutes of the United States, and the various acts amendatory thereof and supplementary thereto, providing for the limitation of the liability of shipowners, if the court should find the petitioner or steamer liable on account of said collision and loss of cargo.    The alternative prayer of the petition is proper; there being no reason why the petitioner should not, in this proceeding, have the benefit of the statutes limiting its liability, if its contention that it is not liable at all should not be sustained.    The evidence shows that the Sunol at the time of the collision was in all respects seaworthy, and properly manned, equipped, and supplied, and the accident was occasioned by fault or error in the management of the steamer.    Section 3 of the act of February 13, 1893 (27 Stat. 445), known as the "Harter Act," provides:

"That if the owner of the vessel transporting merchandise or property to or from any port in the United States of America shall exercise due diligence to make the said vessel in all respects seaworthy and properly manned, equipped, and supplied, neither the vessel, her owner or owners, agent, or charterers shall become or be held responsible for damage or loss resulting from faults or errors in navigation or in the management of said vessel nor shall the vessel, her

owner or owners, charterers, agent, or master be held liable for losses arising from dangers of the sea or other navigable waters, acts of God, or public enemies."

In view of this provision of the statute, and the facts of this case as above stated, the only question for decision is whether such provision is applicable to vessels or steamers engaged in commerce on the Bay of San Francisco, and between different ports on such bay. There is no room for doubt or argument on this point. The language of the section just quoted is broad, and applies to the owner of any vessel "transporting merchandise or property to or from any port in the United States of America." This language cannot be construed otherwise than as meaning that the section shall apply to all vessels transporting merchandise to and from any port of the United States, situated upon any navigable waters, inland or otherwise, over which the federal government has jurisdiction. The E. A. Shores, Jr., 73 Fed. 342. The petitioner is entitled to a decree that neither the petitioner nor the steamer Sunol is liable for any loss or damage occasioned by the collision referred to in the petition, and that the claimants take nothing in this proceeding.