In re CALIFORNIA NAV. & IMP. CO.

(District Court, N. D. California. September 6, 1901.)

No. 11,693.

1. SHIPPING—LOSS OF CARGO—HARTER ACT.

Section 3 of the Harter act, which exempts owners of vessels which are in all respects seaworthy and properly manned, equipped, and supplied from liability for loss of merchandise or property resulting from faults or errors in navigation, applies in a case where the question of liability arises in a proceeding by the owner for limitation of liability, as well as in a direct action against him.

2. WRONGFUL DEATH—ACTION FOR DAMAGES—CALIFORNIA STATUTE.

Under Code Civ. Proc. Cal. § 377, giving a right of action for wrongful death, damages are recoverable only where the heirs of the deceased are shown to have sustained pecuniary loss by reason of his death.

3. SHIPPING—HARTER ACT—LOSS OF PASSENGER'S BAGGAGE.

Damages for personal injuries of a passenger, or for the loss of his personal baggage, are not within the exemptions of the Harter act.

4. SALVAGE—COMPENSATION—PRIORITY OF LIEN.

A claim for salvage services rendered to a vessel injured in collision is entitled to a preference in the distribution of the proceeds of such vessel or the fund paid into court or secured in proceedings for limitation of liability, over claims of passengers for personal injuries or loss of baggage, or for damages sustained by the other vessel in the collision.

In Admiralty. Proceeding for limitation of liability.

Page, McCutchen & Eells, for petitioner.

Samuel Knight, for Shipowners' & Merchants' Tugboat Co.

Hugh Brown, for the administrator of the estates of several deceased claimants.

M. T. Moses, for claimant M. P. Lesher.

H. D. Pillsbury and Ansel Smith, for River Exp. Co.

Rodgers, Paterson & Slack and Wm. P. Humphreys, for claimants Grattan, McKee & Herkner and Musto.

A. H. Ashley and Warren Gregory, for administrator of the estate of Hong Bing, deceased, and other claimants.

Reddy, Campbell & Metson, for administrator of estates of certain Chinese, deceased.

Crandall & Bull, for claimant W. P. Fuller & Co.

Andros & Frank, for J. D. Spreckels & Bros. Co.

E. E. Wood, for claimant C. F. Bond.

DE HAVEN, District Judge. On November 2, 1898, the steamer J. D. Peters, carrying freight and passengers, left San Francisco bound for the city of Stockton, in this state. Not long after starting, and while still in the Bay of San Francisco, she came into collision with the steamer Czarina. Both steamers were badly damaged, and in consequence of the injury received by the J. D. Peters she partly sunk, only her pilot house and a portion of the cabin on the after deck remaining out of water. The cargo carried by her was lost and several Chinese passengers drowned. The petitioner was the owner of the J. D. Peters, and commenced this proceeding under sections 4283–4285 of the Revised Statutes of the United States for a limitation of its liability for damages on account of the collision referred to,

and the value of the steamer and her freight pending has been appraised at $6,000. Claims have been presented in the proceeding by various persons for damages on account of merchandise shipped on the J. D. Peters and lost; by the personal representatives of the several Chinese passengers drowned for damages on account of the death of such passengers; by M. P. Lesher, a passenger, for personal injuries and loss of baggage; by J. D. Spreckels & Bros. Company, owners of the Czarina, for damages resulting from the collision; and by the Shipowners' & Merchants' Tugboat Company for salvage services rendered to the J. D. Peters.

1. The fact is not disputed that the collision was caused by the sole fault of the master and pilot of the J. D. Peters in the management and navigation of that steamer. The evidence also shows beyond all doubt that the J. D. Peters was seaworthy in hull, equipment, and crew, and that her master and pilot had been licensed as such for 20 years, and had the reputation of being a careful and capable officer. Upon this state of facts the petitioner is exempt from liability for damages on account of the loss of the merchandise carried by the J. D. Peters, and the claims presented therefor must be disallowed; the case falling within section 3 of the act of February 13, 1893 (27 Stat. 445), known as the "Harter Act," which provides:

"That if the owner of the vessel transporting merchandise or property to or from any port in the United States of America shall exercise due diligence to make the said vessel in all respects seaworthy and properly manned, equipped, and supplied, neither the vessel, her owner or owners, agent, or charterers shall become or be held responsible for damage or loss resulting from faults or errors in navigation or in the management of said vessel; nor shall the vessel, her owner or owners, charterers, agent, or master be held liable for losses arising from dangers of the sea or other navigable waters, acts of God, or public enemies."

It is argued in behalf of those who have presented claims for damages for merchandise lost that this statute is only intended to apply when the shipowner is directly sued, and has no application to cases like the present, where the shipowner has paid or given security for the payment into court of the appraised value of the ship and freight pending, the contention being that in such case the shipowner has provided a fund to which all persons who have sustained damage or loss have a right to resort. I am satisfied that the statute will not bear this construction. When freight has been shipped on a vessel "in all respects seaworthy, and properly manned, equipped, and supplied," and such freight is lost because of a fault or error in navigation or in the management of the vessel upon which it is carried, the shipper is not entitled to look for damages to the vessel or owners, nor to any fund in court representing such vessel and freight pending. This is the plain meaning of the section of the statute above quoted. In re Piper-Aden-Goodall Co. (D. C.) 86 Fed. 670.

2. In relation to the claims for damages presented by the personal representatives of the several passengers drowned, it is only necessary to say that the evidence fails to show that the heirs of such deceased persons have sustained any pecuniary loss by reason of their death; and upon the authority of Burk v. Railroad Co., 125 Cal 364,

57 Pac. 1065, 73 Am. St. Rep. 52, and In re California Nav. & Imp. Co., 110 Fed. 670, these claims will be disallowed.

3. Damages for personal injuries received by a passenger and for loss of his personal baggage are not within the provisions of the Harter act. The Rosedale (D. C.) 88 Fed. 324. The evidence is undisputed that the passenger Lesher lost personal baggage which originally cost $624.50, and that, by reason of being compelled to stand for about two hours in water three feet deep on the deck of the steamer, he contracted rheumatism, from which he suffered eight months, and was prevented from following his usual occupation during that time. Upon consideration of the evidence, I find that the baggage lost by him was at that time worth one-half its original cost, and that on account of its loss, and his personal exposure and sickness resulting therefrom, this claimant has sustained damage in the sum of $800.

4. There is no conflict in the evidence as to the right of the J. D. Spreckels & Bros. Company, a corporation, to recover damages in the sum of $12,000 for injuries sustained in the collision by the Czarina, and for loss of the use of that steamer while she was undergoing repairs consequent upon the collision.

5. The claim of the Shipowners' & Merchants' Tugboat Company is for salvage services rendered to the J. D. Peters after the collision, in making fast to her while she was drifting towards the Pacific Ocean partly submerged, and towing her into the shallow water of an arm of the Bay of San Francisco, and thereafter towing her to Hunter's Point dry dock for repairs. It appears from the evidence that the services thus performed by this claimant were meritorious, and resulted in rescuing the J. D. Peters from a position of great peril, and for this service the sum of $800 will be allowed. This claim, being for salvage, is entitled to a preference over the other claims allowed in the matter of payment. The Spaulding, 1 Brown, Adm. 310, Fed. Cas. No. 13,215.

Let a decree be entered directing that the claim of the Shipowners' & Merchants' Tugboat Company, and all costs in the proceeding, be paid in full, and from the balance remaining the claims of J. D. Spreckels & Bros. Company and M. P. Lesher be paid pro rata; that all of the other claimants take nothing by this proceeding; and for a limitation of the liability of the petitioner to the appraised value of the J. D. Peters and her freight pending.