## LEVY'S SON & COMPANY *v.* GIBSON LINE OF STEAMERS.

1. In a suit against a shipowner for the value of merchandise lost while being transported on navigable waters, where the defendant pleaded immunity from damage, under the provisions of the third section of the act of Congress of February 13, 1893, commonly known as the "Harter act," and assumed the burden of proof, and the evidence was conflicting as to whether the defendant exercised "due diligence to make the vessel in all respects seaworthy and properly manned, equipped, and supplied" at the time of the commencement of the voyage, it was error, requiring

the grant of a new trial, for the judge to instruct the jury that "in order for the sinking of a vessel, a few hours after leaving port, to raise a presumption of unseaworthiness at the time she left port, it would be necessary for the evidence to show that the vessel sank because of some fault in her construction or in the stowage of her cargo, or of fault in some respect which would make her unseaworthy at the time she left port, or that at that time she was not properly manned or equipped or supplied."

2. All of the remaining grounds of the motion for new trial were expressly abandoned in the brief of counsel for the plaintiff in error, except certain grounds which relate to the introduction. upon the hearing of the motion for new trial, of newly discovered evidence. As the judgment will be reversed upon the ground referred to in the first headnote, it will not be necessary to deal with the question relating to newly discovered evidence.

Argued January 9,—Decided May 12,—Rehearing denied May 22, 1908.

Action for damages.    Before Judge Cann.    Chatham superior court.    July 3, 1907.

*Samuel H. Myers* and *Simon N. Gazan,* for plaintiffs.

*Saussy & Saussy,* for defendant.

ATKINSON, J.    The plaintiffs, I. C. Levy's Son & Co., merchants of Augusta, instituted suit against the Gibson Line of Steamers, a corporation in this State, engaged as a common carrier, plying the waters of the Savannah river between Savannah, Ga., and Augusta, Ga., and intermediate points.    The suit was for the recovery of the value of certain merchandise received by the defendant, consigned to the plaintiffs at Augusta, which the defendant failed to deliver.    Among other things, the defendant pleaded. the loss of the vessel which carried the freight, and exemption. from liability under the provisions of the 3d section of the act of Congress, dated February 13, 1893 (27 Stat. 445, c. 105, U. S. Comp. St. 1901, p. 2946), commonly known as the "Harter act," which provides, that "if the owner of any vessel transporting merchandise or property to or from any port in the United States of America shall exercise due diligence to make the vessel in all respects seaworthy and properly manned, equipped, and supplied, neither the vessel, her owner or owners, agent, or charterers shall become or be held responsible for damage or loss resulting from faults or errors in navigation or in the management of said vessel, nor shall the vessel, her owner or owners, charterers, agent, or master be held liable for losses arising from dangers of the sea or other navigable waters, acts of God, or public enemies, or the inherent defect, qual-

ity, or vice of the thing carried, or from insufficiency of package, or seizure under legal process, or from loss resulting from any act or omission of the shipper or owner of the goods, his agent or representative, or from saving or attempting to save life or property at sea, or from any deviation in rendering such service." On the trial the defendant, recognizing the rule that upon proof of loss of the goods the burden was upon it to establish by proof facts necessary to sustain the exemptions afforded under the provisions of the Harter act, voluntarily assumed the burden of proof in the first instance, and evidence was introduced pro and con relatively to the seaworthiness of the vessel at the commencement of the voyage. The evidence upon that point was conflicting, but it appeared, without conflict, that during the night of the voyage and about three and one half hours after leaving port, and without having encountered any storm or other known danger, the vessel sank. After charging the jury that the defendant had assumed the burden of proof, the court further instructed them that "in order for the sinking of a vessel, a few hours after leaving port, to raise a presumption of unseaworthiness at the time she left port, it would be necessary for the evidence to show that the vessel sank because of some fault in her construction or in the stowage of her cargo, or of fault in some respect which would make her unseaworthy at the time she left port, or that at that time she was not properly manned or equipped or supplied." The jury found for the defendant, and in the plaintiffs' motion for new trial it is complained that the court erred in charging the language of the foregoing excerpt, the grounds of error being: "(a) It was an erroneous statement of the law, the law being that the bare isolated fact of sinking within 24 hours after leaving port, while in a calm, without meeting with any accident, and under most favorable sailing conditions, is ipso facto presumptive evidence of unseaworthiness at the time of commencing voyage, irrespective of 'fault in her construction' or 'stowage of cargo,' or whether 'properly manned, equipped, and supplied.' (b) Said charge placed upon the plaintiff a greater burden of proof than the law demands." Exception is taken to the judgment of the court refusing to grant a new trial on account of the error alleged to have been committed in charging the jury as above stated.

Ordinarily, in a suit against a common carrier for the loss of

goods in the carrier's possession while in course of transit, upon proof of the loss the burden is shifted to the defendant to establish by proof that the failure to deliver was occasioned by the act of God, the public enemy, or some other defense recognized by law. *Louisville & N. R. Co.* v. *Warfield,* 129 *Ga.* 473 (59 S. E. 234). With respect to common carriers on navigable waters, section 3 of the act of Congress to which reference has been made provides defenses which did not exist before the passage of that act, and which do not apply to other carriers. However, in a suit against a common carrier for loss of goods while in transit over navigable waters, upon proof of loss the burden is shifted to the defendant, of establishing by proof the defense which he may properly set up under the Harter act, just as it is upon the carrier over land to establish one of the several defenses mentioned in *Warfield's* case, supra, which he is permitted to make as an excuse for non-delivery. The Wildcroft, 201 U. S. 378 (26 Sup. Ct. 467, 50 L. ed. 794); 1 Hutch. Car. (3d ed.) §367. The Harter act in express terms exempts losses "arising from dangers of the sea or other navigable waters," and has been held to apply to navigable waters between intrastate ports. See In re Piper Aden Goodall Co., 86 Fed. 670; The E. A. Shores Jr., 73 Fed. 344, and cit. In view of the rulings announced in the several cases mentioned, the loss having been admitted, the burden was clearly upon the defendant to prove that it had exercised "due diligence to make the vessel in all respects seaworthy and properly manned, equipped, and supplied," at the time of the commencement of the voyage. The burden was never upon the plaintiffs to show that the vessel was unseaworthy. Whether or not the defendant exercised "due diligence" to make the vessel in all respects seaworthy, etc., at the commencement of the voyage was always a question of fact, to be determined by the jury, and upon which the evidence was conflicting. The charge of the court of which complaint is made was confusing, and tended to impress upon the minds of the jury that it was incumbent upon the plaintiffs to show that the vessel was in fact unseaworthy at the commencement of the voyage, rather than upon the defendant to show affirmatively that it had exercised due diligence to make the vessel in all respects seaworthy, etc. Inasmuch as there was no burden of proof upon the plaintiffs, and the evidence was conflicting as to whether the defendant had exercised

due diligence with respect to the matters pleaded as a defense allowable under the provisions of the Harter act, the charge was erroneous, and open to the criticism that it imposed upon the plaintiffs a burden which did not exist under the law. Under the evidence submitted, and in view of the provisions of Civil Code, §4334, the judge, without expressing any opinion as to the weight to be given any circumstances tending to show the seaworthiness or unseaworthiness of the vessel at the commencement of her voyage, should have submitted that question to the jury.

*Judgment reversed. All the Justices concur.*