# NICOLASA MARIA Y VALENTINA GARCIA RUDON ET AL.

*v.*

## SAN JUAN LIGHT & TRANSIT COMPANY.

San Juan, Law, No. 614.

Under §§ 1803 and 1804 of the Civil Code of 1902, and § 61 of the Code of Civil Procedure of 1904 of Porto Rico, in personal-injury cases resulting in death, the adult nondependent children of the deceased can, at most, recover but little more than nominal damages without showing special circumstances, and alleging and proving actual pecuniary loss.

Opinion filed June 18, 1909.

*Messrs. Pedro Gomez Laserre* and *Frank Antonsanti,* attorneys for plaintiffs.

*Mr. H. F. Hord,* attorney for the defendant.

RODEY, Judge, filed the following opinion:

The plaintiffs bring this action against the defendant for, as they allege, negligently causing the death of their father, who, as they say, was fifty-nine years of age. He was killed by being run over by one of the street cars of the defendant in the city of San Juan, on December 3d, 1908.

Rudon v. San Juan Light & T. Co.

The defendant demurs on the ground that the plaintiffs are presumably each of legal age, and do not allege that they had any pecuniary interest in the life of the deceased, and because each of the plaintiffs, being of age, are presumably self-supporting, and not dependent upon the deceased.

Defendant shows that § 61 of the Code of Civil Procedure of Porto Rico of 1904 is word for word the same as § 377 of the Code of the state of California, and that the supreme court of that jurisdiction has repeatedly held that only those having a pecuniary interest in the life of the deceased, whose death was thus negligently brought about, can maintain an action to recover damages therefor. We are cited Re California Nav. & Improv. Co. 110 Fed. 670, and Re California Nav. & Improv. Co. 110 Fed. 678. Also to Annotated Code of California, page 122. It is also insisted that §§ 1803 and 1804 of the Civil Code of Porto Rico, 1902, do not change the rule in this regard, and that therefore the plaintiffs here, not being minors, and not having in their petition alleged that they were in any way dependent upon the deceased for their support, are therefore not pecuniarly injured by his death, and that they cannot maintain this action.

Under this same date we filed an opinion in cause No. 612 (Buzo v. San Juan Light & Transit Co. post, 520), in which we considered at some length the general proposition of the right to recover in a civil suit for negligent injuries causing death, both under the Spanish and Porto Rican Civil Codes, as well as under the modern American Code of Civil Procedure of 1904, of Porto Rico.

This cause differs slightly from that one, which was brought by an aunt of the deceased boy, who was a minor, while this

Rudon v. San Juan Light & T. Co.

suit is by the children of the deceased. The case here, therefore, clearly comes under § 61 of the local Code of 1904, which reads:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or, if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as, under all the circumstances of the case, be just."

It will be seen from our opinion in the Buzo Case that not even the heirs or personal representatives can recover other than nominal damages unless they have in fact suffered and allege and prove special damages. In other words, both the Spanish law and the modern American Codes intend to be compensatory only, and those seeking to recover must show and prove pecuniary damage; and it is probably true that, under the Spanish and Porto Rican regular Civil Code, where the negligence charged is not of a character for which the state would prosecute criminally, that, save in certain excepted instances, only direct descending or ascending heirs, and not collateral heirs, can recover at all. The intent of the law seems to be, unless the statute is so worded as to exhibit the contrary, to permit only those who have sustained actual pecuniary loss to be made whole therefor. Punishment for the negligence is, it seems, not contemplated save by the state under the Civil law, and, of course, neither is it ordinarily contemplated under the modern American Codes in civil actions for injuries result-

ing in death, whatever the rule may be as to injuries not resulting in death, when the suit is by the person injured.

For the reasons aforesaid, unless, within five days from this date, plaintiffs shall amend their complaint so as to show, if they can, that they in fact have some pecuniary interest, as suggested, or were dependent upon the deceased in the mode contemplated by law, the demurrer will stand sustained and the cause stand dismissed with costs against the plaintiffs, without further action on the part of the court.