[No. 2,395.]

## ANGELO LAVERONE v. G. MANGIANTI ET AL.

FEROCIOUS DOG.—The owner of a ferocious dog, knowing the vicious propensities of the animal, keeps it at his own risk, and is responsible for any injury inflicted by it upon a person who is free from fault.

By CROCKETT, J., *dissenting:*

IDEM.—The owner of a dangerous or ferocious dog is liable for such damages only as result from his negligence in keeping it.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The facts are stated in the dissenting opinion of Mr. Justice CROCKETT.

*Botts & Wise*, for Appellants.

A man may lawfully keep a fierce dog for the protection of his house, knowing that he will bite, provided he keeps him under proper restraint, and with due care. (*Sarch* v. *Blackburn*, 4 Carr. & Payne, 297.)

*Quint & Hardy*, for Respondent.

It is admitted that the dog was a ferocious animal, and accustomed to bite mankind, and, further, that the defendants knew it. The scienter being established, the law cre-

ates a liability on the part of the owners.   (1 Abbott's Forms, 442, Note 1; *Buckley* v. *Leonard*, 4 Denio, 500; *Auchmutz* v. *Ham*, 1 id. 495; *Smith* v. *Pelah*, 2 Str. 1264; *McCoskill* v. *Elliott*, 5 Strob. 198; *Loomis* v. *Terry*, 17 Wend. 496; *Jones* v. *Perry*, 2 Esp. R. 482; *Norris Peak*, 487 S. C.; *Blackman* v. *Simmons*, 3 Carr. & Payne, 138; *Popperell* v. *Rine*, 10 Cush. 509.)

There are three, and but three, allegations necessary to be made and proved in this case:

First—That the dog was vicious, and in the habit of biting mankind.

Second—That the owners (defendants) knew it.

Third—That he bit and injured the plaintiff.


By the Court, RHODES, C. J.:

It is insisted, on behalf of the defendants, that a person may lawfully keep a ferocious dog—one that is accustomed to bite mankind. That position may be conceded, and it may also be conceded that he has the same right to keep a tiger. The danger to mankind and the injury, if any is suffered, comes from the same source—the ferocity of the animal. In determining the responsibility of the keeper for an injury inflicted by either animal, the only difference I can see between the two cases is, that in case of an injury caused by a dog, the knowledge of the keeper that the dog was ferocious, must be alleged and proven, for all dogs are not ferocious; while in the case of a tiger, such knowledge will be presumed from the nature of the animal. This knowledge, however established, whether by evidence or by pre-. sumption, is the same in substance, and works the same results. When the facts in two or more cases are alike, the law will pronounce similar judgments. It will not be doubted that for an injury inflicted by a tiger, his owner will be responsible, and in my opinion there is as little reason to

doubt that the owner of a dog, which he knows to be ferocious, is equally liable for a similar injury occasioned by it. In either case, the owner, knowing the vicious propensities and ferocious nature of the animal, keeps it at his own risk, and he should bear the responsibility for any injury inflicted by it upon a person who is free from fault.

In my opinion the judgment should be affirmed, and it is so ordered.

CROCKETT, J., delivered the following dissenting opinion:

The plaintiff was bitten by the defendants' dog, and sues to recover damages for the injury, and having obtained a judgment for five hundred dollars, the defendants moved for a new trial, which was denied, and he appealed to this Court. The proof shows that the dog was chained under the steps leading to the defendants' house, in such manner that he could not reach any one ascending the steps; that the plaintiff, in entering the house upon a lawful business, was ascending the steps, when one of the steps, which was loose, slipped from its position, and the plaintiff's leg went through the opening, when it was seized and bitten by the dog under the steps. If any negligence can be imputed to the defendants, it was in keeping the dog under the steps so loosely covered as to expose persons ascending the steps to accidents of this character. But no negligence is averred in the complaint, and the action is based on the theory that the owner of a dog, which he knows to be vicious and inclined to bite human beings, is bound, at his peril, so to keep him that no one shall be bitten by him, unless it be through the culpable negligence of the party who suffers the injury. On the other hand, the defendants claim that the owner is not responsible, if he takes reasonable precautions to prevent damage from the vicious qualities of the dog; and they claim that such precautions were taken in this case; that the

defendants were guilty of no negligence, and, consequently, are not responsible for the injury to the plaintiff. If the defendants' proposition is correct, that the defendants were not responsible, except for negligence in the manner of keeping the dog, it is evident the complaint is not good, inasmuch as it avers no negligence on the part of the defendants. The only legal proposition, therefore, which was involved in the action was, whether or not, conceding that the defendants were free from negligence, they were liable to the plaintiff for the damage which he suffered, and to which he did not contribute by his own negligence. The authorities are not uniform on this point, some of them holding that he who keeps a ferocious dog, knowing that he is accustomed to bite mankind, does so at his peril, and is responsible to any person who, without any fault on his part, is bitten by the dog, whether he was negligently kept or not. The following cases appear to support this proposition, or, at least, to lend some countenance to it: (*Buckley* v. *Leonard*, 4 Den. 500; *Auchmutz* v. *Ham*, 1 Den. 495; *Smith* v. *Pelah*, 2 Str. 1264; *McCoskill* v. *Elliott*, 5 Strob. 198; *Loomis* v. *Terry*, 17 Wend. 496; *Jones* v. *Perry*, 2 Esp. 482; *Norris Peak*, 487 S. C.; *Blackman* v. *Simmons*, 3 Carr. & Payne, 138; *Popperell* v. *Rine*, 10 Cush. 509.)

On the other hand, there are very respectable authorities which hold that every one has a right to keep a watch dog for the protection of his premises, and that he is only responsible for such damages as shall result from the negligent keeping of the dog, and is not an insurer against injuries which may happen, notwithstanding all reasonable and proper care was used to guard against them. (*Sarch* v. *Blackburn*, 4 Carr. & Paine, 297; *Curtis* v. *Mills*, 5 id. 489.) In *Ficken* v. *Jones*, 28 Cal. 618, the action was for damages caused by a steer which was being driven through the streets of San Francisco, and the Court held that the defendants were not liable unless they were guilty of negligence in the mode of

driving and managing the steer.   I think the more reason-
able rule is announced in Sarch v. Blackburn, supra, to the
effect that every one has a right to keep a watch dog for
the protection of his premises, and is only responsible for
injuries resulting from negligence in the keeping.   It may
be conceded that no one has a right to keep upon his prem-
ises wild beasts of such strength and ferocity that no reason-
able care or prudence would be a safeguard against injury
from them.   If one should see fit to keep upon his premises
a tiger or a lion, or a dog known to be mad, he would doubt-
less be responsible for injuries caused by them, however care-
fully he might guard them.   Such beasts are too dangerous
to human life to be kept under the pretense of guarding the
premises of the keeper from the intrusion of marauders.
But dogs are not ordinarily of a dangerous and ferocious
nature, and with reasonable care and prudence may be so
kept as to render them usually harmless, and should not be
subject to the same rule which applies to savage and fero-
cious beasts of an untameable nature.   In modern times they
have become so domesticated, and are so subservient to the
use of man, as to exclude them from the general rule, which
is applicable to beasts of so savage and ferocious a nature
that they can be devoted to no useful purpose, and cannot
be kept except at the imminent risk of human life.   Whilst
the majority of all domestic animals are usually tractable,
docile, and harmless, a few of them are, nevertheless, vicious
and dangerous.   It is a well known fact that some of the
most valuable horses for breeding and the turf have been
extremely vicious, dangerous, and unmanageable.   It would
be a harsh rule to hold that the owner of such animals must
destroy them, on pain of being held responsible for any dam-
age they may cause, however cautiously they may have been
guarded to prevent the injury.   If the owner of a savage
and dangerous bull should have him in a perfectly secure
inclosure, where he could do no possible harm, and if a

thoughtless or mischievous boy, without the knowledge or consent of the owner, should open the gate and turn him loose into a crowded thoroughfare, from which damages ensued, it would be a great hardship to hold the owner responsible for it. Whilst savage dogs may be somewhat more dangerous than vicious horses or cattle, they are nevertheless useful domestic animals, which every one has a right to keep; and whilst they may demand greater vigilance to prevent harm, this only involves the question of the degree of caution to be used, and does not affect the question of their right to keep them, provided they use the proper care. If the earlier cases establish a different rule, the interests of society demand that it should now be abrogated, considering the various useful purposes for which such animals are now employed.

On the trial, the Court ignored this view of the law in its instructions to the jury, and for this reason the judgment should be reversed. But inasmuch as the defendants were possibly guilty of negligence in keeping the dog under steps covered with boards either entirely loose, or so insecurely fastened as to be easily displaced by an accidental cause, from which negligence in so keeping the dog the injury to the plaintiff may have resulted, the plaintiff should be allowed to amend his complaint. I think, therefore, the judgment should be reversed and the cause remanded for a new trial, with leave to the plaintiff to amend his complaint.

Mr. Justice SPRAGUE did not express an opinion.