[S. F. No. 1121.   Department Two.—July 14, 1899.]

HENRY C. BURK et al., Respondents, v. ARCATA & MAD RIVER RAILROAD COMPANY, Appellant.

ACTION FOR DEATH—ADULT COLLATERAL HEIRS—FAILURE OF PROOF —NOMINAL DAMAGES—INSTRUCTION.—In an action for a death brought by the adult collateral heirs of the deceased, the mere fact that they are such heirs does not tend to show pecuniary damage; and in the absence of other proof tending to show actual damages, or, at least, probable loss, resulting to them from the death, the jury should be instructed that their recovery must be limited to nominal damages.

ID.—SPECULATIVE POSSIBILITIES OF BENEFITS.—Mere speculative or conjectural possibilities of benefits to the parties complaining are not a proper basis for an estimate of damages resulting from a death.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial.   E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Chamberlain & Wheeler, Buck & Cutler, and S. M. Buck, for Appellant.

Frank McGowan, Brousse Brizzard, and Mahan & Mahan, for Respondents.

TEMPLE, J.—This is an appeal from a judgment and from an order refusing a new trial. The suit was brought by a sister and two brothers of George W. Burk to recover damages for his death, which was caused by the negligence of the defendant. The plaintiffs are all adults, and the deceased at the time of his death was thirty-four years old. It was admitted that he was in good health, a competent and reliable locomotive engineer, in the receipt of monthly wages in the sum of seventy-five dollars, and was well inured to his work. He had never been married and was boarding with one of his brothers immediately before the accident, and was on friendly terms with plaintiffs.

Plaintiffs recovered judgment for fifteen hundred dollars. The defendant contends that there was no evidence which tended to show any damage whatever, and therefore plaintiffs were entitled to nominal damages only. An instruction to that effect was asked and refused. This presents the only question on the motion for a new trial or on the appeal.

The instructions actually given to the jury by the court on the subject of damages are not complained of. Instruction 27 contains a full and correct statement of the general rule. It is as follows: "I charge you that damages can only be given for the actual pecuniary injury or loss suffered by the parties complaining; in other words, in a case such as the present, should you find that plaintiffs are entitled to damages, then damages can only be given for the pecuniary injury or loss the plaintiffs have sustained, or will sustain, by the death of said George W. Burk. And in this regard I charge you that no damages can be given to plaintiffs for the grief or sorrow or pain of mind, or injury to their feelings, or for loss of society of deceased, or for his pain or suffering, or for the loss of his comfort or protection. The law simply measures the injury complained of by the loss it has caused or will cause in dollars and cents. In passing upon this question you are not allowed to speculate or indulge in presumptions not warranted by the evidence; but you must determine this question solely by the evidence introduced

before you.    If you are not able to determine from the evidence that the plaintiffs have suffered a pecuniary injury or loss in the death of George W. Burk, it becomes your duty to return a verdict for defendant.    And in passing upon the extent of the pecuniary injury or loss sustained by the plaintiffs, you must be governed solely by the evidence introduced; you must not indulge in conjectures, or speculations not supported by the evidence."

The defendant requested an instruction as follows, which was refused: "There is no evidence in the case tending to prove whether George W. Burk was in the habit of saving his wages, or whether he was in the habit of spending all his earnings, or whether he ever contributed toward the support of or to the plaintiffs, or either of them, or whether plaintiffs ever had any reasonable expectation of receiving aid from him.    Therefore, if you find a verdict in favor of the plaintiffs, you must limit the amount of damages to a merely nominal sum."

The condition of the evidence was undoubtedly as recited in the proposed instruction, there being no evidence whatever upon the subject except as I have stated.

Respondent contends for the rule laid down in *Illinois Cent. R. R. Co. v. Barron*, 5 Wall. 106, where it was said that the relatives for whose benefit the suit was brought need not have had a legal claim upon the deceased, and that they can recover what it is reasonably probable they would have received from the deceased had he not been killed.    But this, if admitted, still leaves the question unanswered.    Does the evidence show that it was reasonably probable that they would have received anything from deceased if he had not been killed?

Ordinarily, it would be admitted these mere possibilities of benefits—for they are really nothing more than that—would not be a proper basis for the estimate of damages.    It is recognized that there may be no evidence of actual damage and that the loss is problematical.    It is contended that the legislature intended that some damage should be allowed, and in some states it is left to the jury to estimate the pecuniary value of the life upon vague surmise of possible advantage.

The statutes in the different states, though varying greatly, follow generally Lord Campbell's act, 9 & 10 Vict., c. 95.    In

that it was recited that no right of action existed at common law for such damages. It was then a new right of action. It could not be a continuation of the right which the injured man had for the injury, for the loss to his heirs did not accrue until he died. Under our statute, the injured person might survive long enough to sue and recover damages or to settle with the wrongdoer, and then by his death a new cause of action would accrue to his heirs. True, it has been held differently in some states, which have what are called survival statutes. Here it has been ruled, as the fact evidently is, that the statutes create an entirely new cause of action. (*Munro v. Pacific etc. Co.*, 84 Cal. 515; 18 Am. St. Rep. 248.) And the jury were instructed in this case that damages can only be given "for the actual pecuniary injury or loss suffered by the parties complaining."

It has been said that Lord Campbell's act was intended to be penal. It had been found that persons causing death by negligence could not be convicted of manslaughter, and it was thought that in the interests of the public some punishment should be meted out to them. Had it been expressly made punitive, much trouble would have been avoided. The English courts held that only pecuniary loss could be recovered, and that a plaintiff must show actual loss or he has no cause of action. In this country, the ruling is nearly unanimous that the statute gives a cause of action, and, if no damages are proven, nominal damages only can be recovered.

Unless the mere fact that plaintiffs were at the time of his death the heirs of deceased tends to show pecuniary damage, they have shown none.

In *Illinois Cent. R. R. Co. v. Barron, supra*, it is said that it is presumed that the property of the deceased would have gone at his death as directed by law, and if he had survived he would have added something to his estate which his next of kin would have inherited, and the equivalent as estimated by the jury may be given his representative. This ruling has been followed often in the federal courts and by many state courts. The decision is criticised in *Baltimore etc. R. R. Co. v. Galway*, 6 App. Cas. (D. C.) 143. It is shown to be opposed to reason and the trend of the decisions and a misconception of the Illinois statute as afterward construed in *Chicago etc. R. R. Co. v. Swett*,

45 Ill. 197; 92 Am. Dec. 206, by the supreme court of Illinois.

In these cases the jury have been permitted to indulge in mere conjecture, that they may find some damage under the statute. It is said the fact that a right to sue is given implies that damages may be recovered, although no rights of plaintiffs have been violated. Confessedly, plaintiffs had no legal claim on deceased for anything, and he owed no duty to them to accumulate an estate and leave it to them. Let us consider upon what a sea of uncertainty the jury must embark: 1. Would the deceased have had the health to work and accumulate, and would he have done so? He never had saved anything, and it does not appear that he could have done so; 2. Might he not have married and have had children of his own who would inherit? 3. Might he not by will have disinherited the plaintiffs; and 4. Might he not have outlived them?

The majority of men die without much property. Whether the deceased would have succeeded in accumulating, and, if he had been successful, would have left it to plaintiffs, is matter of pure speculation. Such a guess as to probabilities is not, according to settled rules and maxims of the law, proper ground for the award of damages. I see no reason why this class of cases should constitute an exception. If it was intended to punish for wrongdoing, the law could be understood. But the courts hold, and it is made the law of this case by the instructions, which were not excepted to, that plaintiffs can recover only the number of dollars they have lost by the death of George W. Burk. Unless they lost a probable increase to their inheritance from their brother, I see no evidence which tends to prove that they lost anything.

This question was not at issue and was not discussed in *Harrison v. Sutter Street R. R. Co.*, 116 Cal. 156. The rule was conceded.

The suit could have been maintained by the administrator for the benefit of the estate. The heirs would not take the money as heirs—that is, they would not take by succession, but as the beneficiaries of the statute. The deceased was not entitled to the damages, nor was the right of action in him. The loss, for which recovery may be had, is the loss to survivors by his death. This would have been the same had he died from natural causes.

Since punitive damages cannot be recovered, the wrongfulness of that act cuts no figure further than to bring the case within the statute. The act causing the death must be willful or negligent. There is no reason why in the estimate of damages the ordinary rules of law should be departed from. The intention is always to give such damages, as under the circumstances of the case, are just. These words in the statute cannot change the rule unless they are interpreted to mean that the discretion of the jury shall be uncontrolled. It has not been so decided.

The statutes upon this subject seem to be framed upon the idea that the heirs will always constitute the family of the deceased. In some states the beneficiaries of this statute are so limited. We can easily understand that a life may be of great pecuniary value to such persons. Collateral heirs, at all events, must prove probable loss or their recovery will be limited to nominal damages.

The judgment and order are reversed and the cause remanded.

Garoutte, J., and McFarland, J., concurred.

Hearing in Bank denied.