Madeline CURRY, etc., Appellant,

v.

FRED OLSEN LINE, etc., Appellee.

No. 20182.

United States Court of Appeals
Ninth Circuit.

Oct. 10, 1966.

Rehearing Denied Nov. 18, 1966.

**922**

Dorsey Redland, Van H. Pinney, Redland & Pinney, San Francisco, Cal., for appellant.

Graydon S. Staring, H. Donald Harris, Jr., Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal., for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Appellant Madeline Curry, in her capacity as administratrix of the estate of her deceased husband Jack Curry, brought this wrongful death action against the appellees as owners of the S.S. BATAAN. Federal jurisdiction is predicated upon diversity of citizenship. Her complaint contained three causes of action, the first based upon appellees' negligence, the second based upon the unseaworthiness of the vessel, and the third based upon appellees' wilful and wanton misconduct. The court granted a motion for partial summary judgment as to the unseaworthiness count. This is the only ruling here assigned as error.[1] We reverse.

No affidavits were filed in support of or in opposition to the motion for partial summary judgment. The sole question presented was one of law: May an action predicated upon the California wrongful death statute be maintained where the sole cause of death is claimed to be unseaworthiness of the vessel?[2]

The California Statute, Code of Civil Procedure Section 377, provides, in pertinent part:

"When the death of a person not being a minor * * * is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *. In every action under this section, such damages may be given as under all the circumstances of the case, may be just, but shall not include damages recoverable under Section 573 of the Probate Code. The respective rights of the heirs in any award shall be determined by the court."

The relevant operative language of this statute has remained unchanged since its enactment in 1872. (See note to West's Ann.Code of Civil Procedure § 377.)

■ It is settled in California that this statute is not one providing for survival of the decedent's cause of action, but creates a new and independent cause of action in favor of the heirs of the decedent in which they recover the damages that they have suffered by reason of their ancestor's death.[3] The present California survival statute is Probate Code § 573, as amended in 1961. It limits damages

---

1. The case was tried upon the other counts, and a jury verdict was returned in favor of appellees. No error is assigned as to the judgment entered upon the verdict, as to those counts.

2. The sufficiency of the allegation of unseaworthiness, that the deck on which Curry, a longshoreman, was working was slippery and unsafe, causing him to fall through a hatch to his death, is not challenged.

3. Munro v. Pacific Coast Dredging & Rec. Co., 1890, 84 Cal. 515, 24 P. 303; Bond v. United Railroads of San Francisco, 1911, 159 Cal. 270, 113 P. 366, 48 L.R.A., N.S., 687; Watkins v. Nutting, 1941, 17 Cal.2d 490, 110 P.2d 384; Marks v. Reissinger, 1917, 35 Cal.App. 44, 169 P.

243; Buckley v. Chadwick, 1955, 45 Cal. 2d 183, 288 P.2d 12, 289 P.2d 242; Tann v. Western Pac. Ry. Co., 1919, 39 Cal. App. 377, 178 P. 971; Secrest v. Pacific Elec. Ry. Co., 1943, 60 Cal.App.2d 746, 141 P.2d 747; Estate of Bright v. Western Air Lines, 1951, 104 Cal.App.2d 827, 232 P.2d 523; Dominguez v. Galindo, 1953, 122 Cal.App.2d 76, 264 P.2d 213; Norman v. Murphy, 1954, 124 Cal.App.2d 95, 268 P.2d 178; Pacific Emp. Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Co., 1956, 143 Cal.App.2d 646, 299 P.2d 928; Kunakoff v. Woods, 1958, 166 Cal.App.2d 59, 332 P.2d 773; Armstrong v. Beadle, C.C.Cal., 1879, 1 Fed.Cas. 1138 (No. 541); Van Sickel v. United States, 9 Cir., 1960, 285 F.2d 87.

"to such loss or damage as the decedent sustained or incurred prior to his death, * * * and shall not include damages for pain, suffering or disfigurement."

Similar limitations appear in the predecessor statute, Civil Code § 956, which was repealed in 1961 (Cal.Stats.1961, C. 657, p. 1867, § 1).[4]

Decisions of the United States Supreme Court have settled certain pertinent rules. First, there was no right to recover damages for wrongful death under the maritime law.[5] Second, a state may, by its wrongful death or survival statute give or preserve a cause of action for death resulting from a maritime tort, assuming that the state otherwise has jurisdiction of the tort,[6] and such a cause of action may be enforced in admiralty as well as in the state court. Whether the state statute does give such a cause of action is a question of state law. Third, " * * * when admiralty adopts a State's right of action for wrongful death, it must enforce the right as an integrated whole, with whatever conditions and limitations the creating State has attached * * *. The policy expressed by a State Legislature in enacting a wrongful death statute is not merely that death shall give rise to a right of recovery, nor even that tortious conduct resulting in death shall be actionable, but that damages shall be recoverable when conduct of a particular kind results in death. It is incumbent upon a court enforcing that policy to enforce it all; it may not pick or choose." [7] This rule is equally applicable whether the action is in admiralty in a federal court, or at law in a state court, or at law, under diversity jurisdiction, in a federal court. In the last type of case, a federal court must apply the appropriate state law, under the rule in Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

This court has previously applied the third rule.[8] Appellant, however, points to disagreements among the Justices of the Supreme Court, appearing in the opinions in The Tungus v. Skovgaard, supra, n. 6; United N. Y. & N. J. Sandy Hook Pilots Assn. v. Halecki, 1959, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541; Goett v. Union Carbide Co., supra, n. 6, and Hess v. United States, supra, n. 6, as to whether, once a right of action created by a state appears, the state's limitations upon it should also apply. Appellant suggests that it is likely that the Supreme Court will adopt the views expressed by Mr. Justice Brennan, dissenting in *The Tungus*, supra, that once the state affords a remedy in a general way for wrongful death then the right is governed by the general maritime law rather than state law. The foregoing decisions, however, are to the contrary, and it is not our function to guess that the Supreme Court

4. The present action is not one under Probate Code § 573 or Civil Code § 956. In such an action the damages, if any, would be nominal because death and injury were simultaneous.

5. The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358. Congress has provided a remedy for death on the high seas (Act of March 30, 1920, Ch. 111, § 1, 41 Stat. 537, 46 U.S.C. §§ 761–768) and for deaths of merchant seamen, wherever occurring, under the Jones Act (Act of June 5, 1920, Ch. 250, § 33, 41 Stat. 1007, 46 U.S.C. § 688.) Neither statute is applicable here.

6. The Hamilton, 1907, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264 (Delaware Statute); Western Fuel Co. v. Garcia, 1921, 257 U.S. 233, 42 S.Ct. 89, 66 L.Ed. 210 (California Statute); Levinson v. Deu-

pree, 1953, 345 U.S. 648, 73 S.Ct. 914, 97 L.Ed. 1319 (Kentucky Statute); The Tungus v. Skovgaard, 1959, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (New Jersey Statute); Hess v. United States, 1960, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 305 (Oregon Statute); Goett v. Union Carbide Co., 1960, 361 U.S. 340, 80 S.Ct. 357, 4 L.Ed.2d 341 (West Virginia Statute); cf. Kossick v. United Fruit Co., 1961, 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed. 2d 56.

7. The Tungus v. Skovgaard, supra, n. 6, 358 U.S. at 592, 593, 79 S.Ct. at 506–507, 3 L.Ed.2d 524.

8. Western Fuel Co. v. Garcia, supra, n. 6, and see Humboldt Lumber Manufacturers' Assn. v. Christopherson, 9 Cir., 1896, 73 F. 239; Allen v. United States, 9 Cir., 1964, 338 F.2d 160.

may overrule them and then to apply our guess instead of the rules announced in those decisions. We therefore hold that the third rule is applicable here.

It is not here urged that the California statute does not give a cause of action for wrongful death resulting from a maritime but local tort occurring within California waters.[9] Our question is narrower: does that statute give such a cause of action where the sole basis asserted for liability is unseaworthiness not caused by negligence? That is a question of California law. No California appellate court has passed upon that question. Under these circumstances, we must construe the statute in the light of such California decisions as may be helpful, in an endeavor to determine what the California courts would hold.[10]

■ Appellant asks us to construe the law of 1872 to meet the needs of 1965, to apply a "bold" approach to its construction, to give the statute a generous construction to achieve results consistent not only with the remedial purpose of the statute but also with the like purpose of the admiralty itself. Whatever we may think our duty to be when we are construing an act of Congress, we think that where a California statute is involved such exhortations are not properly addressed to us. They would be more appropriately addressed to the courts

or to the legislature of California.[11] We do not make California law, even interstitially; we have a more modest function, to attempt to apply it as it is to a particular case.

The key language in the California Statute is "death * * * caused by the wrongful act or neglect of another." What the statute does not say is emphasized by appellees. It does not speak of "wrongful act, neglect or default," as many statutes do, or give a cause of action for a wrong for which the decedent could have recovered had he lived, or mention maritime torts, or injuries on ships, or anything similar.

The California Supreme Court has ruled comparatively recently, in the Buckley case,[12] that contributory negligence is a defense under the statute. There the court said that "it is to be strongly presumed that the Legislature acted in the light of the contemporary construction of [Lord Campbell's Act, including] * * * the English decisions pertinent to the application of the law." In 1872, when the statute was enacted, the doctrine of unseaworthiness had not yet been defined by the United States Supreme Court. It began with The Osceola, 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760. And it did not come into full flower until many years later.[13] The *Buckley* case lends some support to appellees' position.

9. See Allen v. United States, supra, n. 8.

10. In Mortenson v. Pacific Far East Line, Inc., N.D.Cal., 1956, 148 F.Supp. 71, District Judge Murphy, a former California Superior Judge, held that unseaworthiness is not a ground of recovery under the California statute. So far as appears, however, no California decisions were considered. In the present case, Judge Weigel simply held that *Mortenson* was controlling. Two California Superior Judges have come to the same conclusion. Smith v. Union Oil Company, Superior Court, County of Los Angeles, 1963, No. 697815 unreported, and O'Sullivan v. Matson Navigation Co., Superior Court, San Francisco, 1963, No. 505418, also unreported. No authority is cited in *Smith*; only *Mortenson* is cited in *O'Sullivan*. These decisions are of little help to us.

11. Appellant could have brought this action in a California court. She chose the federal forum.

12. Buckley v. Chadwick, 1955, supra n. 3, 45 Cal.2d at 193–194, 288 P.2d 12.

13. See Mahnich v. Southern S.S. Co., 1944, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561; Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Alaska S.S. Co. v. Petterson, 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798; Mitchell v. Trawler Racer, Inc., 1960, 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941; Gutierrez v. Waterman S.S. Corp., 1963, 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297.

The California courts have also construed the operative words of the Act: "wrongful act," and "neglect." In Burk v. Arcata & Mad River R. R., 1899, 125 Cal. 364, 57 P. 1065, the Court said: "The act causing the death must be willful or negligent." (125 Cal. at 369, 57 P. at 1066.) [14] Here, neither wilfulness nor negligence is charged. Unseaworthiness gives rise to liability without fault, and while it is now characterized as a species of tort,[15] its genesis is said to be in warranty, arising out of the seaman's contract of service.[16] Appellees urge that the California courts would hold that such a tort is not embraced within the language of Code of Civil Procedure Section 377.

Appellees say that it has been held that Code of Civil Procedure § 377 does not give a cause of action for breach of contract, citing the cases listed in note 14, supra, and Willey v. Alaska Packers Assn., N.D.Cal., 1926, 9 F.2d 937, affirmed 9 Cir., 1927, 18 F.2d 8. *Willey* involved a claimed breach of the duty of maintenance and cure. The trial court held that the duty was contractual, and not covered by Code Civ.Proc. § 377, and alternatively, that the action was barred by a prior judgment in a California court, and that in any event, no breach of duty was proved. This court affirmed,

but solely upon the third ground. The case is weak authority at best. Moxon v. County of Kern, supra, n. 14, was a wrongful death action against a hospital, based upon negligence and breach of warranty. Decedent, while he was in the hospital, was killed by an insane fellow patient. The court held that the negligence claim was barred by Cal.Gov. Code § 854.8, and that the breach of warranty claim sounded in contract, not tort, and so did not come within Code Civ.Proc. § 377. It is noteworthy, however, that the court cited Prosser's statement that the wrongful death statute covers torts, including intentional and negligent torts and strict liability.[17]

In Hinds v. Wheadon, supra, n. 14, the District Court of Appeal held that an action for breach of express warranty sounds in contract, not tort, and so is not within Code Civ.Proc. § 377. The Supreme Court granted a hearing and reversed, holding that there was sufficient evidence of negligence to go to a jury.[18] Hinds v. Wheadon is not authority on the question.

Appellees also argue that the case is governed by California Labor Code Section 2803.[19] That section, however, deals with employers' liability, which is not here involved. Moreover, it has been

14. The statement was dictum, as the cause of action was for negligence. Compare Moxon v. County of Kern, 1965, 233 Cal. App.2d 393, 43 Cal.Rptr. 481; Hinds v. Wheadon, 1941, 115 P.2d 35, reversed on other grounds, 1942, 19 Cal.2d 458, 121 P. 2d 724.

15. Union Carbide Corp. v. Goett, 4 Cir., 1960, 278 F.2d 319; Skovgaard v. The Tungus, 3 Cir., 1957, 252 F.2d 14; Strika v. Netherlands Ministry of Traffic, 2 Cir., 1950, 185 F.2d 555, cf. Seas Shipping Co. v. Sieracki, supra, n. 13, 328 U. S. at 93, 66 S.Ct. 872.

16. See cases cited in note 13, supra.

17. Prosser, Torts, 3d. Ed. 1964, p. 925. "Strict liability in tort has made its appearance in relatively few cases, but there appears to be no reason to doubt that it is included within the death acts."

18. In California, the granting of a hearing by the Supreme Court vacates and sets at

large the opinion of the District Court of Appeal. That opinion is then no more authoritative than a brief by its author. Knouse v. Nimocks, 1937, 8 Cal.2d 482, 66 P.2d 438; In re Kent's Estate, 1936, 6 Cal.2d 154, 57 P.2d 901; Martin v. Howe, 1922, 190 Cal. 187, 211 P. 453.

19. *"Action by personal representative of deceased employee.* When death, whether instantaneous or otherwise, results from an injury to an employee caused by the want of ordinary or reasonable care of an employer or of any officer, agent, a servant of the employer, the personal representative of such employee shall have a right of action therefor against such employer, and may recover damages in respect thereof, for and on behalf of the widow, children, dependent parents, and dependent brothers and sisters, in order of precedence as stated, but no more than one action shall be brought for such recovery."

held, under the former statute, Cal.Civ. Code § 1970 as amended, Cal.Stats.1907 c. 97 that an action could be brought either under that section or under Code Civ.Proc. § 377, as the present action is.[20]

Appellees argue, however, that Labor Code § 2803 limits recovery to cases involving "want of ordinary care," and is a replacement, in 1937, of a statute, Civil Code § 1970, which allowed recovery for "wrongful act, neglect or default." This is said to indicate a legislative policy against recovery, in a death case, for such torts as unseaworthiness, where no negligence need be shown. A similar argument is made based upon the adoption by the California legislature in 1959 of sections 600–772 of the Harbors and Navigation Code, which deal with registration and operation of boats on California waters. Appellees point out that section 661, as amended in 1961, imposes liability for negligent operation, but that no section provides liability for unseaworthiness. It is argued that this indicates a California legislative policy against such a cause of action. Section 661, however, creates an imputed liability of an owner for the negligence of one who operates a boat with the owner's permission. It also provides: "Nothing contained in this chapter shall be construed to relieve any person from any liability which he would otherwise have. * * *" This could include liability for unseaworthiness, a direct liability of an owner. These statutes, as an indication of legislative intent regarding unseaworthiness and Code Civ.Proc. § 377, are, to say the least, ambiguous and unpersuasive.

▆▆▆▆ We think that the California statute does embrace a cause of action for unseaworthiness. In the first place, we are not persuaded that the California Supreme Court would confine the statute's operation to causes of action with which the legislature was acquainted in 1872, in spite of the language that we have quoted from the Buckley case, supra, n. 12. That case involved a negligent tort, and merely held that contributory negligence is a defense to such an action, although the wrongful death statute did not mention any defenses.

In the second place, the idea of tort liability without "fault" or "negligence" was not unheard of in 1872, although it has since expanded considerably. The Buckley case spoke of construing the act in the light of contemporaneous (1872) construction of Lord Campbell's Act. Thus the California Supreme Court had supported liability, where no negligence was shown, in the case of attack by a known vicious dog,[21] or by a known vicious cow.[22] In 1886, it held that defendants were liable for damages resulting from blasting on a city lot, damages which "no care or skill in so doing can excuse."[23] We have no reason to think that these cases would have been decided differently if they had arisen before 1872. The famous case of Rylands v. Fletcher, 1868, L.R. 3 H.L. 330, affirming Fletcher v. Rylands, 1866, L.R. 1 Exch. 265, had been decided before the California wrongful death statute was enacted. It has since been followed by California courts.[24] Again, we have no reason to suppose that the results would have been different if the cases had arisen earlier. Indeed, as Prosser points out, a number of American courts followed Rylands v. Fletcher shortly after it was decided.[25] Moreover, in 1872 the notion that there should be no liability without

20. Gonsalves v. Petaluma & Santa Rosa Ry., 1916, 173 Cal. 264, 159 P. 724.

21. Wilkinson v. Parrott, 1867, 32 Cal. 102; Laverone v. Mangianti, 1871, 41 Cal. 138.

22. Cf. Ficken v. Jones, 1865, 28 Cal. 618; Karr v. Parks, 1870, 40 Cal. 188.

23. Colton v. Onderdonk, 1886, 69 Cal. 155, 10 P. 395. See also Munro v. Pacific Coast Dredging & Rec. Co., supra, n. 3, 84 Cal. at 519, 24 P. at 304.

24. Luthringer v. Moore, 1948, 31 Cal.2d 489, 190 P.2d 1; Green v. General Petroleum Corp., 1928, 205 Cal. 328, 270 P. 952, 60 A.L.R. 475; Miles v. A. Arena & Co., 1937, 23 Cal.App.2d 680, 73 P.2d 1260; Kall v. Carruthers, 1922, 59 Cal. App. 555, 211 P. 43.

25. Prosser, op. cit. n. 17, at p. 523.

fault was still developing, and the earlier view, that the court "was not concerned primarily with the moral responsibility or 'fault' of the wrongdoer" was still somewhat in vogue.[26]

In the third place, while no court has followed the dictum in Burk v. Arcata & Mad River R. R., supra, that the act causing death must be wilful or negligent, other California cases have given words identical to those of the wrongful death statute a broader meaning. Cal. Code of Civ.Proc. § 340, subd. 3 establishes a one year limitation for the filing of an action "for injury to or for the death of one caused by the wrongful act or neglect of another." The causation language is identical to that of section 377. Rubino v. Utah Canning Co., 1954, 123 Cal.App.2d 18, 266 P.2d 163, was an action for personal injuries, based upon breach of the implied warranty of fitness of canned food. It was claimed that the two year statute of limitations, Cal. Code, Civ.Proc. § 339, dealing with breach of contract, was applicable. The court, however, held that section 340, subd. 3 was applicable, holding that defendant's act was "wrongful" within the meaning of the statute, whether it was considered a breach of warranty or a tort (123 Cal.App.2d at 23, 266 P.2d at 163).

This court reached the same conclusion in a California wrongful death case, arising from the consumption of contaminated food.[27] Zellmer v. Acme Brewing Co., 9 Cir., 1950, 184 F.2d 940. There we said:

"However, appellant argues that, unlike section 338(2), section 340(3) is not inclusive of all actions for injuries to the person but only of such actions as concern injuries caused intentionally or through negligence and hence that § 340(3) is not applicable to the ab-

solute liability, regardless of fault, of the manufacturer of unfit foodstuffs.

"Assuming that the manufacturer is absolutely liable, we believe that the California courts have held (indirectly) that an action to enforce an absolute liability for personal injuries is subject to section three hundred forty's time limitation. The California District Court of Appeal in Huntly v. Zurich General Acc. & Liab. Ins. Co., 1929, 100 Cal.App. 201, 212, 280 P. 163, 168, declared that 'by the amendment to subdivision 3 of section 340 [in 1905] introducing the clause "or for injury to or the death of one caused by the wrongful act or neglect of another," it was intended to embrace therein all infringements of personal rights as distinguished from property rights.' And Harp v. Ferrell, 1931, 115 Cal. App. 160, 300 P. 978, is in accord with the holding in the Huntly case. Such interpretation of the terms 'wrongful act or neglect of another' accords with the interpretation elsewhere that such words are sufficiently broad to embrace every degree of tort that can be committed against the person (including, we believe, that for which the tort-feasor is absolutely liable regardless of fault or negligence)." (184 F.2d at 944–945.)

If, as these cases indicate, the words "wrongful act or neglect" apply to actions, including wrongful death actions, based upon strict liability, for limitation purposes when used in section 340, subd. 3, we perceive no reason why they do not also apply for creation purposes, when used in section 377 of the same code.

In the fourth place, as the California cases dealing with liability to consumers for injuries caused by defective products, n. 27, supra, show, the California Supreme Court does not hesitate to modi-

---

26. Id. at 506.

27. It is now well established in California that the so-called breach of warranty of fitness of food is really a tort, for which a species of strict liability is imposed. See Klein v. Duchess Sandwich Co., 1939,

14 Cal.2d 272, 280, 93 P.2d 799, 803; Greenman v. Yuba Power Prods., Inc., 1962, 59 Cal.2d 57, 62, 27 Cal.Rptr. 697, 700, 377 P.2d 897; Vandermark v. Ford Motor Co., 1964, 61 Cal.2d 256, 262, 37 Cal.Rptr. 896, 899, 391 P.2d 168.

fy old theories of liability or to develop new ones as it believes that modern conditions require. We cannot believe that it would refuse to allow suits under the wrongful death statute based on such new theories. Why, then, would it refuse to permit this suit, based upon unseaworthiness? It is a much older doctrine than the current California consumer products liability doctrine.

Finally, there are many cases in which the wrongful death statutes of other states have been held to grant or preserve a cause of action based upon unseaworthiness.[28] There are differences in the language of the statutes involved, but at least in some cases the differences do not seem to be controlling. Thus in Skovgaard v. The Tungus, supra, n. 28, the Fourth Circuit was of the view that unseaworthiness was a "wrongful act." The statute there involved covered "wrongful act, neglect or default," but the court did not rely upon the word "default." (See 252 F.2d at 17.) Similarly, in Halecki v. United N. Y. & N. J. Sandy Hook Pilots Assn., supra, n. 28, the Second Circuit, construing the same statute, was of the opinion that "neglect" as well as "default" covers breach of the warranty of unseaworthiness. (251 F.2d at 712.)

At the trial of the negligence count in the present case, the jury returned a special verdict in which it found that Curry,

the decedent, had been contributorily negligent. Appellees assert that, assuming that the California Statute provides a cause of action for unseaworthiness, contributory negligence of the decedent is a defense, and that, because of this jury finding, the judgment should be affirmed. We think not.

This, too, is an open question in California. Buckley v. Chadwick, supra, n. 12, does hold that under the California statute contributory negligence is a defense to an action based upon negligence. Certain of the language of the opinion can be taken as indicating that contributory negligence is a defense to any action under the statute. We do not think the California courts would so hold.

The general rule is that contributory negligence is a defense only to actions grounded on negligence and the California courts apply this principle.[29] Thus, they have held that contributory negligence is not a defense to an intentional tort.[30] There is no doubt that Code Civ.Proc. § 377 gives a cause of action for death caused by a wilful tort. We cannot believe that the California courts would read Buckley v. Chadwick, supra, n. 12, as permitting, much less requiring, the defense of contributory negligence in such a case. Similarly, the California courts have held that contributory negligence is not a defense in certain types of

**28.** Anthony v. International Paper Co., 4 Cir., 1961, 289 F.2d 574 (South Carolina law); Union Carbide Corp. v. Goett, 4 Cir., 1960, 278 F.2d 319 (West Virginia law); Holley v. The Manfred Stansfield, 4 Cir., 1959, 269 F.2d 317 (Virginia law); Halecki v. United N.Y. & N.J. Sandy Hook Pilots Assn., 2 Cir., 1958, 251 F. 2d 708, affirmed on this ground, 358 U.S. 613, 79 S.Ct. 517, 3 L.Ed.2d 541 (New Jersey law); Skovgaard v. The Tungus, 3 Cir. 1957, 252 F.2d 14, aff'd, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524 (same); State for Use of Smith v. A/S Nabella, D.Md., 1959, 176 F.Supp. 668 (Maryland law). Contra: Emerson v. Holloway Concrete Prods. Co., 5 Cir., 1960, 282 F.2d 271 (Florida law); Lee v. Pure Oil Co., 6 Cir., 1955, 218 F.2d 711 (Tennessee law); Graham v. A. Lusi, Ltd., 5 Cir., 1953, 206 F.2d 223 (Florida law); Babin v. Lykes Bros., S.S. Co., La. Ct.App., 1957, 94 So.2d 715 (Louisiana law).

**29.** See Kassouf v. Lee Bros. Inc., 1962, 209 Cal.App.2d 568, 572, 26 Cal.Rptr. 276, 278.

**30.** Security-First Nat. Bank of Los Angeles v. Earp, 1942, 19 Cal.2d 774, 122 P. 2d 900 (fraud); Seeger v. Odell, 1941, 18 Cal.2d 409, 115 P.2d 977, 136 A.L.R. 1291 (fraud); Villines v. Tomerlin, 1962, 206 Cal.App.2d 448, 23 Cal.Rptr. 617 (assault and battery); Lowry v. Standard Oil Co., 1944, 63 Cal.App.2d 1, 146 P.2d 57 (assault); Lovett v. Hitchcock, 1961, 192 Cal.App.2d 806, 14 Cal.Rptr. 117 (wilful and wanton misconduct).

actions bottomed upon strict liability.[31] We do not think that the court would have applied a different rule if the injured party had died and the action had been brought under the wrongful death statute. We think that the California courts, in such a case, would sustain only such defenses as are appropriate to the particular type of liability asserted.

The federal rule in unseaworthiness cases is that contributory negligence is not a complete bar, but only serves to mitigate damages.[32] That is the extent to which it is appropriate to the liability here asserted. We think that the California courts would so hold. We are strengthened in that belief by the California courts' wholehearted acceptance of the federal rules of law as the measure of their duties when that law controls their decisions.[33] We agree with appellees that the cited cases are not directly in point because they deal with federal causes of action while here we deal with a state cause of action. Nevertheless, as we have held above, while the wrongful death act creates the cause of action, it uses the federal law as its basis. We think that the California courts would also accept that law as it applies to the defense of contributory negligence in an unseaworthiness case.

We are further strengthened in our belief by the reasoning in the opinions of certain of the federal courts of appeals that have passed upon the question in recent cases.[34]

The cases on which appellees rely do not convince us. Those dealing with New York law [35] are not in point because that law then provided "On the trial of any action to recover damages for causing death, contributory negligence of the person killed shall be a defense * * *." (§ 841–b, N.Y.Code of Civil Procedure) In one of the other cases, the nature of the cause of action is not stated; [36] another involves a statute that has been held by state courts not to confer a cause of action for unseaworthiness.[37] In all of the others, the cause of action was for negligence, not unseaworthiness.[38] Negligence is an established concept of the common law, and it is not surprising that state courts apply the common law defense of contributory negligence in such cases. Unseaworthiness, on the other hand, is an admiralty concept, and it seems to us that, once a state applies its wrongful death statute to such a cause

---

**31.** Kassouf v. Lee Bros. Inc., supra, n. 29 (injury caused by eating poisonous food); Luthringer v. Moore, supra, n. 24 (injury caused by defendants' fumigation with hydrocyanic acid gas).

**32.** Pope & Talbot Inc. v. Hawn, 1953, 346 U.S. 406, 408–410, 74 S.Ct. 202, 98 L.Ed. 143.

**33.** Rouchleau v. Silva, 1950, 35 Cal.2d 355, 358, 217 P.2d 929, 930–931; Intagliata v. Shipowners & Merchants Towboat Co., 1945, 26 Cal.2d 365, 370, 375, 159 P.2d 1, 5, 8; O'Hey v. Matson Nav. Co., 1955, 135 Cal.App.2d 819, 827, 288 P.2d 81, 85.

**34.** See Halecki v. United N.Y. & N.J. Sandy Hook Pilots Assn. supra, n. 28; Holley v. The Manfred Stansfield, supra, n. 28.

**35.** O'Brien v. Luckenbach S.S. Co., 2 Cir., 1923, 293 F. 170, 175, 179–180; Groonstad v. Robins Dry Dock & Repair Co., 1923, 236 N.Y. 52, 139 N.E. 777.

**36.** Hill v. Waterman S.S. Corp., 3 Cir., 1958, 251 F.2d 655 (Pa. law).

**37.** Graham v. A. Lusi, Ltd., 5 Cir., 1953, 206 F.2d 223 (Fla. law).

**38.** Klingseisen v. Costanzo Transp. Co., 3 Cir., 1939, 101 F.2d 902 (Pa. law); Curtis v. A. Garcia y Cia., 3 Cir., 1957, 241 F.2d 30 (Pa. law); Mooney v. Carter, 5 Cir., 1907, 152 F. 147 (Ala. law); Quinette v. Bisso, 5 Cir., 1905, 136 F. 825 (La. law); Byrd v. Napoleon Ave. Ferry Co., E.D.La., 1954, 125 F.Supp. 573, aff'd, 5 Cir., 1955, 227 F.2d 958 (La. law); Hartford Acc. & Indem. Co. v. Gulf Refining Co., 5 Cir., 1956, 230 F. 2d 346 (La. law); Monongahela River Consol. Coal & Coke Co. v. Schinnerer, 6 Cir., 1912, 196 F. 375 (Ark. law); Feige v. Hurley, 6 Cir., 1937, 89 F.2d 575 (Ky. law); Niepert v. Cleveland Electric Illuminating Co., 6 Cir., 1957, 241 F.2d 916 (Ohio law); Cromartie v. Stone, 1927, 194 N.C. 663, 140 S.E. 612 (N.C. law); Roswall v. Grays Harbor Stevedore Co., 1926, 138 Wash. 390, 244 P. 723, 50 A.L.R. 445 (Wash. law).

of action, it is probable that it will also apply the admiralty concept as to the defense of contributory negligence.

The judgment is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.