[Civ. No. 5164.   Fourth Dist.   Aug. 2, 1956.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Respondent, v. HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY (a Corporation), Appellant.

McInnis, Hamilton & Fitzgerald for Appellant.

Oakes & Horton for Respondent.

BURCH, J. pro tem.*—Plaintiff, Pacific Employers Insurance Company, a corporation, is the insurance carrier for Quality Industries, Inc., whose employee came to his death by reason of the explosion of a boiler in the employer's laundry business. It has been established that the negligence of the defendant, Hartford Steam Boiler Inspection and Insurance Company, a corporation, was the proximate cause of the injuries and resulting death of the employee.

The widow and minor children of the deceased employee obtained a judgment of $18,500 against the defendant in a wrongful death action instituted by them under section 377 of the Code of Civil Procedure. The damages sought and recovered in that action were for loss of consortium and support. The plaintiff actively assisted the heirs in that action and was fully informed of the proceedings had therein. The plaintiff had disbursed to the plaintiffs therein the sum of $3,220 by way of death benefits, and the court made an order allocating out of the judgment to the plaintiff the said amount. The court found at the same time that the plaintiff had paid, in addition, hospital and medical bills in the sum of $3,874.42 and reasonable burial expenses in the amount of $400 "which latter two sums these plaintiffs will not reimburse to said Workmen's Compensation carrier." The present action was thereupon instituted to recover those two sums. The trial judge, who also presided in the other action, rendered judgment for plaintiff. A finding was made with reference to the death action that: "Plaintiff claimed its lien against the judgment therein to the extent of $3220 which sum plaintiff had paid as death benefits to the said heirs who were plaintiffs in said action" and plaintiffs accepted same with "full and complete knowledge" of the fact that the action had been filed, tried and adjudicated but filed no lien for the medical-hospital bills and the burial expense. Judgment went for plaintiff, and defendant urges that the above facts are fatal to recovery because plaintiff has made its election to pursue

---

*Assigned by Chairman of Judicial Council.

its judgment lien right (Lab. Code, §§ 3856-3860) ; that plaintiff has neglected to join as party plaintiff in the heirs' action (Lab. Code, § 3853), or to bring a separate action which might have been consolidated with the heirs' action (Lab. Code, § 3852) ; that having failed to exercise its full rights under any of these statutory remedies, the plaintiff is now estopped.

It is conceded in this case that the heirs of the employee had their right of action against the defendant by reason of section 337 of the Code of Civil Procedure. The damages redressed to them in that action are for loss of support and consortium. ■ Nothing was or could be recovered therein by them for medical and hospital bills (*Gallup* v. *Sparks-Mundo Engineering Co.*, 43 Cal.2d 1, 10, 11, 12 [271 P.2d 34]). ■ The allowance of a lien to the employer's insurance carrier for death benefits paid diminished the carrier's claim under section 3852 of the Labor Code, *pro tanto*, against the tort feasor, and mitigated the damages which the section authorizes plaintiff to recover. ■ Of importance to the wrongdoer is that he not be subjected to double liability for the same wrong by reason of the several causes of action which may arise under the act and the general law. (*Eckman* v. *Arnold Taxi Co.*, 64 Cal.App.2d 229 [148 P.2d 667].) No double liability results in the circumstances present here. The tort is redressed but once by construing the codified act (Lab. Code, §§ 3850-3862) as the court below has construed it in regard to the wrongful death action.

The law of industrial accidents is limited to legislation under Constitution, article XX, section 21.

■ ". . . [t]he Labor Code does not purport to alter the correlative rights and liabilities of persons who do not occupy the reciprocal statuses of employer and employee. Our workmen's compensation laws were not designed to relieve one other than the employer from any liability imposed by statute or by common law." (*Baugh* v. *Rogers*, 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043].)

It is true that the employer's lien attaches to the "entire amount" of a judgment for any damages obtained by an employee (*Heaton* v. *Kerlan*, 27 Cal.2d 716 [166 P.2d 857]). It is also true that the word employee "includes . . . any other person to whom a *claim* accrues by reason of the . . . death of" the employee (Lab. Code, § 3850) and when an action is established by the act it survives the death of the employee (Lab. Code, § 3851). However, the act does not

create the wrongful death action nor abridge or control the damages recoverable therein. The wrongful death action is not based upon the injury to Conley, but upon his death. Had there been no death there could have been no such action. The injury might have been the foundation of an action had he lived. These causes of action not only inhere in different parties but proceed on different grounds—one for a wrongful injury, the other for a wrongful killing.

"The latter is not a survival of the former upon the death of the injured person, but is another and independent action, founded upon an event subsequent to the injury, and prosecuted by another plaintiff for the violation of a right appertaining to (them), and not to the intestate." (*State ex rel. Jones & Laughlin Steel Corp.* v. *Dickerson,* 160 Ohio St. 223 [115 N.E.2d 833] ; see also *International Mercantile Marine Co.* v. *Lowe,* 93 F.2d 663 [115 A.L.R. 896].)

█ The employer insured under the act to effect its purposes is entitled to the protections the act affords him, and these rights inure to the carrier by subrogation.

These considerations bring us to the conclusion that plaintiff has neither split a cause of action nor waived its right under section 3852, Labor Code, nor become estopped to pursue this action by procuring partial recoupment elsewhere.

The judgment is affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 25, 1956. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.