356 F.2d 983
 Stella McSPARRAN, Administratrix of the Estate of Ignatius
Peter Kane, Deceased, Appellant,
v.
Edward Thomas SUBERS.
Stella McSPARRAN, Administratrix of the Estate of Ignatius
Peter Kane, Deceased
v.
John HANIGAN, Individually and Trading as the Hanigan
Construction Company, Walter Hinkle, Individually and
Trading as the Hinkle Excavation Company and Robert R.
Tyler, Individually and Trading as the Robert R. Tyler and
Co. and John McShain, Inc. (Third-Party Plaintiff) v.
WILLIAM H. WALTERS & SONS, INC. (Third-Party Defendant).
Stella McSparran, Administratrix of the Estate of Ignatius
pater Kane, Deceased, Appellant in No. 15477.
John Hanigan, Individually and Trading as the Hanigan
Construction Company, Appellant in No. 15478.
Walter Hinkle, Individually and Trading as the Hinkle
Excavation Company, Appellant in No. 15479.
Robert R. Tyler, Individually and Trading as the Robert R.
Tyler Company, Appellant in No. 15480.
 Nos. 15476-15480.
 United States Court of Appeals Third Circuit.
 Argued Feb. 7, 1966.
Decided Feb. 18, 1966, Rehearing Denied in No. 15479 March
11, 1966, Rehearing Denied in No. 15480 April 5, 1966.
 
 Appeals from the United States District Court for the Eastern District of Pennsylvania; Alfred L. Luongo, Judge, 225 F.Supp. 628.
 Norman Paul Harvey, Liebert, Harvey, Herting & Short, Philadelphia, Pa., for appellant Hanigan, ect.
 Joseph G. Manta, Esq., LaBrum & Doak, Philadelphia, Pa. (James M. Marsh, Philadelphia, Pa., on the brief), for appellant Hinkle, etc.
 Harry Nixon, Philadelphia, Pa. (Michael A. Foley, Philadelphia, Pa., on the brief), for appellant Tyler, etc.
 Kenneth Syken, Richter, Lord, Toll & Cavanaugh, Philadelphia, Pa. (B. Nathaniel Richter, Jack J. Bernstein, Philadelphia, Pa., on the brief), for appellant McSparran. Counsel for appellee Hanigan and others.
 Before McLAUGHLIN, FORMAN and GANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 We find that as to the merits, with particular reference to the primary questions of liability of appellants, the first trial of these suits was without substantial error and that the issues were properly submitted to the jury.
 
 
 2
 We further find that the refusal of the trial judge to mold the verdicts in these causes after the first trial thereof was within his discretion.
 
 
 3
 The judgments in these cases will be affirmed.