WALTER PRICE, appellee, v. CHARLES KING, appellant; HARTFORD ACCIDENT & INDEMNITY COMPANY, intervenor.

No. 52200.

NOVEMBER 15, 1966.

Whitfield, Musgrave, Selvy & Kelly, by Roy W. Meadows, of Des Moines, for appellant.

Harold G. DeKay, of Atlantic, for appellee.

Davis, Huebner, Johnson & Burt, by Ray H. Johnson, Jr., of Des Moines, for intervenor.

RAWLINGS, J.—By an action at law plaintiff sought damages from defendant alleging a truck owned and negligently operated by defendant collided with one owned and operated by plaintiff, causing him personal injury and property damage.

By his answer defendant denied negligence, asserted both parties to the action were employees of Lee & Johnson, Inc. at time of the accident and as a result plaintiff could have redress only under the Iowa Workmen's Compensation Act.

Upon motion for adjudication of law points (rule 105, Rules of Civil Procedure) joined in by both parties, it was stipulated plaintiff and defendant were coemployees of a common employer at time of the accident.

By amendment to his answer defendant asserted the accident arose out of and in the course of employment of both parties. In the absence of any denial of that allegation by plaintiff we shall assume it is correct.

The trial court held chapter 85, Code, 1962, did not bar plaintiff's action. The case was tried to a jury, verdict returned for plaintiff and defendant appealed.

The first and probably determinative question to be resolved is whether, under our Workmen's Compensation Act, an employee is "some person other than the employer" against whom a negligence action may be maintained by a coemployee. Stated otherwise is a coemployee entitled to the same immunity from such an action as that accorded by law to an employer?

The pertinent portions of the subject act provide as follows:

"85.3 Acceptance presumed—notice to nonresident employers.

"1. Except as provided by this chapter, it shall be conclusively presumed that every employer has elected to provide, secure, and pay compensation according to the provisions of this chapter for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such cases, *the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury.*" (Emphasis supplied.)

"85.20 Rights of employee exclusive. *The rights and rem-*

*edies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee, his personal or legal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury; \* \* \*."* (Emphasis supplied.)

"85.22 Liability of others—subrogation. When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against *some person other than the employer* to pay damages, the employee, or his dependent, or the trustee of such dependent, may take proceedings against his employer for compensation, and the employee or, in case of death, his legal representative may also maintain an action against such third party for damages. \* \* \*." (Emphasis supplied.)

██ Clearly the act does not deny an employee the common-law right to recover damages caused by the negligence of a third person even though he has received workmen's compensation benefits for the same injury. This court has so held. See section 85.22; Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 387, 101 N.W.2d 167; and Black v. Chicago Great Western R. Co., 187 Iowa 904, 921, 174 N.W. 774.

██ I. We are satisfied our Workmen's Compensation Act was not intended to and does not relieve anyone other than the employer from liability imposed by that law.

██ This court held, in Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 1326, 1327, 121 N.W.2d 361, 93 A. L. R.2d 591, where a compensation insurance carrier tortiously causes injury to an employee of the insured employer, the insurance carrier does not stand in the shoes of the employer. In the same case it was also made abundantly clear statutes will not be so interpreted as to deprive one of a common-law right unless the statute unequivocably so states. In this connection there is no provision in chapter 85 which specifically abolishes any common-law right of action by one employee against a coemployee.

Then in Bradshaw v. Iowa Methodist Hospital, supra, we said: "\* \* \* Workmen's compensation according to the statutory scale is one thing. *The right thereto does not depend upon*

*negligence of the employer but arises from the contract of hire into which the compensation act is read.* [Citation] *Damages at common law for the results of an injury negligently caused are quite different.* [Citation]

"Certainly plaintiff had a right of action at common law in tort against this defendant for the damages resulting from its alleged negligent treatment of him. [Citations] He still has that right unless our compensation act has taken it from him. We find nothing in the act which does so. *Our compensation law does not abolish common-law actions in tort except those between employee and employer.* The provision of section 85.20, Codes 1954, 1958 [1962], that the rights provided in chapter 85 for an employee on account of injury shall be exclusive of all other rights of such employee applies only to actions against the employer (* * *) and does not prevent an injured employee from suing third persons at common law. 101 C. J. S., Workmen's Compensation, section 983, page 459." (Emphasis supplied.)

And as was appropriately stated in Tawney v. Kirkhart, 130 W. Va. 550, 563, 44 S.E.2d 634, 641: "* * * There is no contract as between coemployees and they are subject to the provisions of the compensation act in their relationship with each other in no way. They pay nothing into the fund that entitles them to protection under its terms. We can perceive nothing in sound reasoning that would entitle a coemployee to gratuitous protection for his own misconduct. To hold that a coemployee is not liable for his own negligence would increase the hazard of employments and be contrary to public policy. * * *."

Also in Larson's Workmen's Compensation Law, Volume 2, section 72.10, pages 171, 172, is found this pertinent statement: "Under most statutes, immunity to common-law suit is extended only to the employer. An injured employee can therefore sue his own coemployee for the latter's negligence, and it follows logically that the employer can exercise subrogation rights against his own tort-feasor employee. This result has been supported by reference to the plain language of the statute, by the argument that existing rights of action should not be

deemed destroyed in the absence of clear language, by calling upon the moral principle that a tort-feasor should not be relieved of the consequences of his own wrongdoing, and by stressing the danger to workmen themselves of a doctrine that persons engaged in dangerous occupations should be immune from the consequences of their negligence. A rule supported by such a variety of arguments should not be defeated by resort to such artificial by-products of tort law as the vice-principal doctrine, * * *."

To hold a coemployee is not a person other than an employer would be the equivalent of saying an employee is an employer, and this we cannot do. In fact section 85.61 of the act provides in part as follows:

"1. 'Employer' includes and applies to any person, firm, association, or corporation, state, county, municipal corporation, school district, county board of education, and the legal representatives of a deceased employer.

"2. 'Workman' or 'employee' means a person who has entered into the employment of, or works under contract of service, express or implied, or apprenticeship, for an employer, except as hereinafter specified."

These definitions are here controlling. Cowman v. Hansen, 250 Iowa 358, 363, 92 N.W.2d 682; Young v. O'Keefe, 246 Iowa 1182, 1186, 69 N.W.2d 534; and Muscatine City Water Works v. Duge, 232 Iowa 1076, 1082–1084, 7 N.W.2d 203.

We are satisfied the rights and remedies of an injured employee against the employer, under chapter 85, are exclusive of all other rights and remedies of such employee against his employer. Section 85.20.

At the same time the law carefully preserves any common-law right of action by an injured employee against a third-party tort-feasor, he being "some person other than the employer." Section 85.22.

It is to us apparent the Iowa Workmen's Compensation Act does not extend immunity from suit as a third-party tort-feasor to a coemployee or fellow worker of an injured workman.

Other authorities supporting this conclusion include Thomas v. Hycon, Inc. (D. C.), 244 F. Supp. 151; Ransom v. Haner,

Alaska, 362 P.2d 282, 287; Marquez v. Rapid Harvest Co., 1 Ariz. App. 562, 405 P.2d 814, later vacated in 99 Ariz. 363, 409 P.2d 285, only by reason of absence of jurisdictional notice; King v. Cardin, 229 Ark. 929, 319 S.W.2d 214; Thompson v. Lacey, 42 Cal.2d 443, 267 P.2d 1; Stulginski v. Cizauskas, 125 Conn. 293, 5 A.2d 10, 11, 12; Cuyler v. Elliott, Fla. App. 182 So.2d 55; Gay v. Greene, 91 Ga. App. 78, 84 S.E.2d 847; Nelson v. Union Wire Rope Corporation, 31 Ill.2d 69, 199 N.E.2d 769, applying Florida Law; Roda v. Williams, 195 Kan. 507, 407 P.2d 471; Pflieger v. Haws, La. App., 180 So.2d 892; Behr v. Soth, 170 Minn. 278, 212 N.W. 461; Sylcox v. National Lead Co., 225 Mo. App. 543, 38 S.W.2d 497, 502; Rehn v. Bingaman, 151 Neb. 196, 36 N.W.2d 856, 859, 860; Merchants Mut. Cas. Co. v. Tuttle, 98 N. H. 349, 101 A.2d 262; Herbert v. Layman, 125 Vt. 481, 218 A.2d 706; and Severin v. Luchinske, 271 Wis. 378, 73 N.W.2d 477. See also 101 C. J. S., Workmen's Compensation, section 985(e), page 481; 58 Am. Jur., Workmen's Compensation, sections 60, 61, pages 616, 617; and 43 Iowa Law Review, 352.

▮ We hold that under the provisions of chapter 85, Code, 1962, a fellow employee is not immune to a suit by an injured employee. To do otherwise would require us to assume the prerogative of the legislature.

II. Defendant strenuously argues an employer acts only through his employees and the latter, acting in the scope of their employment, are in fact the employer. See in this respect White v. Ponozzo, 77 Idaho 276, 291 P.2d 843, 845.

This is not a new but is still an ingenious argument which rests upon an uncertain common-law premise, while we are confined to the interpretation and application of statutory law. Bashford v. Slater, 252 Iowa 726, 731, 108 N.W.2d 474, and Heiliger v. City of Sheldon, 236 Iowa 146, 161, 18 N.W.2d 182. Furthermore it has on some occasions been either criticized or repudiated. See Frantz v. McBee Company, Fla., 77 So.2d 796, 798, and Atlantic Coast Line Railroad Co. v. Swafford, 220 F.2d 901. As previously demonstrated we cannot accept this argument.

Defendant has cited numerous cases which he claims sup-

port the view that an employee is immune from any negligence action by a coemployee.

However our inquiry discloses only relatively few of the courts of other states, with statutes comparable to our compensation act, have held a coemployee is not "some person other than the employer." This they do either on the basis of agency, making the conduct of an employee the conduct of the employer, or on the broad premise the workmen's compensation acts are intended to embrace all liability arising out of and in the course of employment by a common employer covered by the act. See Bresnahan v. Barre, 286 Mass. 593, 190 N.E. 815; Majors v. Moneymaker, 196 Tenn. 698, 270 S.W.2d 328; White v. Ponozzo, 77 Idaho 276, 291 P.2d 843; and Ginnis v. Southerland, 50 Wash.2d 557, 313 P.2d 675.

Other cases cited by defendant have turned upon statutes which are either more all-embracive or more specific than ours. For example some compensation acts provide, expressly or have been construed to mean, an employer *or those conducting his business* shall be liable to an injured coemployee to the extent only as provided by the applicable law. In this connection see Warner v. Leder, 234 N. C. 727, 69 S.E.2d 6; Miller v. Muscarelle, 67 N. J. Super. 305, 170 A.2d 437; Williams v. Hartshorn, 296 N. Y. 49, 69 N.E.2d 557; Nolan v. Daley, 222 S. C. 407, 73 S.E.2d 449; Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 73; and Larson's Workmen's Compensation Law, Volume 2, section 72.20, page 173.

But in most states having compensation laws comparable to chapter 85, Code, 1962, which provide, specifically or in substance, the act shall not affect any common-law cause of action an employee may have against some person other than the employer or against a third party or third-party tort-feasor, it has generally been held a coemployee is, to all intents and purposes, "some person other than the employer." The fundamental reasoning in these cases is that the compensation laws base an employer's liability to his employee on the employer-employee relationship, not in tort; that as a result the right of an employee to receive benefits under a compensation act is not based on fault or negligence, but is contractual in nature; that a negligent em-

ployee is not liable for compensation, being a stranger to the act, he being a person other than the employee entitled to compensation and the employer liable to pay it. Also, coemployees are in no way subject to the provisions of the applicable compensation act in their relationship, each with the other. And some courts have taken the position that to hold otherwise would be to unjustly confer upon a workman freedom to neglect his duty to a fellow employee and, in effect, to wrongfully immunize him against all liability for damages proximately caused by his negligence. We are satisfied this reasoning is not only legalistically sound but is the more persuasive, being amply supported by respectable authority. See Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 387, 101 N.W.2d 167; Shelby Mutual Insurance Co. v. Girard Steel Supply Co., 224 F. Supp. 690, 693, 694; King v. Cardin, 229 Ark. 929, 319 S.W.2d 214; Baugh v. Rogers, 24 Cal.2d 200, 148 P.2d 633, 152 A. L. R. 1043; Pacific Employer's Insurance Co. v. Hartford Steam Boiler Inspection & Insurance Co., 143 Cal. App.2d 646, 299 P.2d 928; Gay v. Greene, 91 Ga. App. 78, 84 S.E.2d 847; Behr v. Soth, 170 Minn. 278, 212 N.W. 461; Severin v. Luchinske, 271 Wis. 378, 73 N.W.2d 477; and Tawney v. Kirkhart, 130 W. Va. 550, 44 S.E.2d 634.

Having determined as we do that under our compensation law an employee is not immune to a suit for negligence by an injured coemployee, there is no need to extend this opinion by discussing any other or contingent matter asserted on appeal by defendant.

The judgment in this case must be affirmed.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.