Edward KERRIGAN and Lebera Kerrigan, Appellants,

v.

FIRESTONE TIRE & RUBBER COMPANY and J. W. Errett, Appellees.

No. 55444.

Supreme Court of Iowa.

May 23, 1973.

Thoma, Schoenthal, Davis, Hockenberg & Wine by William R. King and William F. Conlon, Des Moines, for appellants.

Grefe & Sidney by Henry A. Harmon and Ross H. Sidney, Des Moines, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLD-SON, and HARRIS, JJ.

RAWLINGS, Justice.

Plaintiffs, Edward Kerrigan and Lebera Kerrigan, take permissive appeal from trial court order adverse to them on defendant employer's application for adjudication of law points regarding the property of plaintiffs' civil action. We affirm.

Kerrigan and his wife individually, by separate divisions in one action, seek damages at common law from defendants Firestone Tire & Rubber Company and J. W. Errett. Only Firestone is here involved. It will therefore be dealt with as sole defendant and our review accordingly limited.

Each plaintiff seeks recovery for injuries suffered by Mr. Kerrigan January 17, 1969, while operating a bladder press, as an employee of defendant, in the regular course of such employment.

The petition alleges defendant's agents knew said press was operating faultily but deliberately and intentionally refused to

(1) discontinue operation of the machine so as to permit an inspection thereof; (2) warn Kerrigan of such faulty operation; (3) correct the defective condition; or (4) warn Kerrigan the press had not been repaired. And, as a proximate result of these omissions Kerrigan was seriously injured.

By answer Firestone admitted Kerrigan's in-course-of-employment injury. It further affirmatively asserted, Kerrigan had demanded payment of workmen's compensation benefits under The Code 1966, Chapters 85–87; accepted same; was currently receiving those benefits; and plaintiffs were therefore bound by an election of remedies.

Subsequently Firestone, as previously disclosed, moved for adjudication of law points. Plaintiffs filed no responsive motion or pleading. Trial court held, in essence, Kerrigans' remedy as against Firestone was restricted to workmen's compensation absent rejection thereof. See The Code 1966, Sections 85.7–85.10 here applicable. But see 1970 Session of the Sixty-Third General Assembly, ch. 1051, § 3.

Two issues are asserted in support of a reversal. Plaintiffs first contend the injuries suffered by Kerrigan resulted from willful acts of a third person directed against Kerrigan because of his employment, therefore the matter is excluded from workmen's compensation coverage. They also take the position Kerrigan made no application for compensation benefits so there was no election of remedies barring the instant common law action.

For reasons later disclosed we shall entertain only the first of these assignments.

I. As aforesaid, plaintiffs instantly claim they have right of recourse at common law against Firestone because of willful and deliberate omissions on the part of its agents. In support thereof Kerrigans rely solely on a coverage exception provided in The Code 1966, § 85.61(5)(b) which stated:

"In this and chapters 86 and 87, unless the context otherwise requires, the following definitions of terms shall prevail:

"  *   *   *

"5. The words 'injury' or 'personal injury' shall be construed as follows:

"  *   *   *

"b. They shall not include injury caused by the willful act of a third person directed against an employee for reasons personal to such employee, or because of his employment."

But see 1970 Session of the Sixty-Third General Assembly, ch. 1051, §§ 4, 18.

Significantly, the main thrust of the above quoted statute goes to the willful act *of a third person.*

Bearing in mind Firestone, the employer, is here alone involved, it, as such, cannot be instantly deemed a third person. See Price v. King, 259 Iowa 921, 146 N.W.2d 328 (1966); cf. Bridgmon v. Kirby Oil Industries, Inc., 250 Iowa 229, 93 N.W.2d 771 (1958). See also Code § 85.22. Consequently trial court's adjudication of law points was proper and must stand. See generally Van Hosen v. Bankers Trust Company, 200 N.W.2d 504, 509 (Iowa 1972).

Since the foregoing is dispositive of plaintiffs' appeal further discussion is unnecessary.

Affirmed.