John C. PEASE, Appellee,

v.

Jack J. ZAZZA, Appellant.

Ted M. WILLIAMS and Linda S. Williams, Appellees,

v.

Jack J. ZAZZA, Appellant.

No. 63850.

Supreme Court of Iowa.

July 16, 1980.

Rehearing Denied Aug. 20, 1980.

Robert C. Nelson, of Nelson & Nelson, Cedar Rapids, for appellants.

Ronald W. Wendt, Cedar Rapids, for appellees.

McCORMICK, Justice.

This appeal involves consolidated coemployee tort actions arising from injuries received by plaintiffs in a ditch cave-in. The jury returned substantial verdicts for plaintiffs, and defendant appeals from the resulting judgments. Defendant raises questions about the delegability of an employer's duty to provide employees a safe place to work, sufficiency of evidence of such delegation, rulings on instructions, admissibility of evidence, the statute of limitations, and jury misconduct. We find no reversible error and affirm the trial court.

Plaintiffs John C. Pease and Ted M. Williams, defendant Jack M. Zazza (Zazza), and Alan Zazza, Jack's son, were employees of Simanek and Zazza Plumbing and Heating, Inc. On the afternoon of July 11, 1973, Pease, Williams, and Alan were installing a sewer line in a ditch on land owned by Zazza and his wife on which apartments were being constructed. Marvin Pexa, an independent contractor, was excavating the ditch. While plaintiffs were working in the ditch, a sidewall caved in and injured them. They brought these actions for damages against Zazza individually, alleging his negligence in various respects proximately caused their injuries. Williams' suit was accompanied by a loss of consortium action by his wife Linda.

I. *Delegability of the employer's duty.* Some of the specifications of negligence alleged against Zazza depend on the existence of delegation by the employer to Zazza of responsibility for employee safety. In moving to strike the specifications of negligence, in moving for directed verdicts, in proposing an instruction, and in objecting to the court's instructions, Zazza contended that these specifications were embraced in the employer's duty to provide its employees a safe place to work and that this duty is nondelegable. He asserts the trial court erred in rejecting this contention.

Zazza relies on Wisconsin cases which construe a Wisconsin statute imposing the duty on employers to provide their employees a safe place to work. Construing that statute in conjunction with the employer immunity provision of the Wisconsin workers' compensation statute, the Wisconsin court has held the employer's duty is nondelegable. *See Wasley v. Kosmatka*, 50 Wis.2d 738, 742, 184 N.W.2d 821, 823 (1971) ("To recognize a third party action assessing a 'safe-place' standard of care against an individual defendant who is also an officer of the [employer] would allow the plaintiff to circumvent the immunity that is granted an employer by the workmen's compensation statute.").

However, starting with *Price v. King*, 259 Iowa 921, 146 N.W.2d 328 (1966), we have held that our workers' compensation statute does not immunize persons other than the employer from liability. We have also held that our statute does not immunize officers and supervisory employees who have been assigned safety responsibilities in implementation of the employer's duty to provide employees a safe place to work. *Craven v. Oggero*, 213 N.W.2d 678,

680–81 (Iowa 1974). An employee may be held individually liable for personal breach of a delegated personal responsibility for safety. *Kerrigan v. Errett*, 256 N.W.2d 394, 396–97 (Iowa 1977).

■ Like *Craven* and *Kerrigan*, the present case is not affected by the statutory limitation on liability subsequently added to section 85.20, The Code. *See Moose v. Rich*, 253 N.W.2d 565, 571–72 (Iowa 1977).

The trial court did not err in rejecting Zazza's contention that an employer's safety responsibilities are nondelegable in Iowa.

II. *Sufficiency of evidence of delegation.* Zazza contends the court erred in overruling his motion for directed verdict based on the insufficiency of evidence to show the employer's duty to provide plaintiffs a safe place to work had in fact been delegated to him.

■ We agree with plaintiffs that an employee has a duty of reasonable care toward coemployees whether any delegation of safety responsibility has occurred or not. The common-law duty of reasonable care was recognized in *Price v. King*, 259 Iowa 921, 146 N.W.2d 328 (1966). *See McSparren v. Hanigan*, 225 F.Supp. 628, 634 (E.D.Pa. 1963), *aff'd per curiam*, 356 F.2d 983 (3d Cir. 1966); Restatement (Second) of Agency §§ 350–51 (1958). The sufficiency of evidence to support a finding of breach of this duty is not challenged. Therefore, even if the evidence were insufficient on the delegated duty issue, the court was right in overruling Zazza's motion for directed verdict.

■ However, because Zazza also alleges the court erred in submitting and instructing on the specifications of breach of delegated duty, we will also address the applicable criteria and sufficiency of evidence on that issue. The applicable criteria are delineated in *Kerrigan*, 256 N.W.2d at 397. They require proof of delegation and acceptance of a responsibility which results in a personal duty owed by the defendant to the injured person which is breached through personal as opposed to technical or vicarious fault. These criteria were applied

in *Kerrigan* and later in *Davis v. Crook*, 261 N.W.2d 500 (Iowa 1978), and *Brigdon v. Brandrup*, 267 N.W.2d 396 (Iowa 1978).

We evaluate the sufficiency of evidence in the light most favorable to the verdicts. Every legitimate inference must be carried to the aid of the evidence. If reasonable minds can differ on an issue, it is for the jury. *Davis*, 261 N.W.2d at 503.

■ Here, as in *Davis*, the first *Kerrigan* criterion is plainly satisfied. It requires the existence of a duty of the employer to provide the injured employee a safe place to work and substantial evidence that breach of this duty proximately caused the damages for which recovery is sought. Here the duty arose from the employment relationship, and substantial evidence was adduced to show that plaintiffs' damages were proximately caused by breach of that duty, particularly through failure to meet Occupational Safety and Health Administration (OSHA) standards by requiring the ditch walls to have sufficient slope to prevent cave-ins.

■ Similarly, if the duty was delegated to Zazza, substantial evidence existed to support findings that he accepted the duty, that a personal duty of Zazza to his coemployees resulted, that it was not subdelegated, and that he breached the duty through personal as opposed to technical or vicarious fault.

Zazza was a master plumber. Williams was merely an apprentice, and Pease was an ordinary laborer. Union rules required on-the-job supervision of apprentices by master or journeyman plumbers. Although controverted, evidence was introduced which would permit the jury to find that, as a result, Zazza was acting as job supervisor and carrying out safety responsibilities on the occasion involved. He said he had told plaintiffs to take the time necessary to do the job without getting hurt and to be careful. He told Pease he had to be quick while working in a ditch and was not moving fast enough. He got in the ditch to show Pease how he wanted the work done. He inspected the trench, directed the work

of Williams and Pease and, according to testimony of Williams, waved the excavator away when he was about to widen the top of the ditch at the site of the accident shortly before it happened.

The fighting issue is whether the record contains substantial evidence to show that the employer's duty to provide plaintiffs a safe place to work was delegated to Zazza.

█ Delegation may occur expressly or by clear implication. *Davis*, 261 N.W.2d at 503. Because the employer is a small, closely-held corporation, it is not surprising that no formal corporate action was disclosed which would show express delegation. *See id.* However, as in *Davis*, we believe the evidence is sufficient here for the jury to find delegation by clear implication.

Zazza was the managing officer of the corporation. He said he did "everything" in it. He did the hiring, firing and assigning of work. Even though he insisted the union was responsible for safety instruction, he had been a master plumber for twenty-five years and testified to extensive knowledge of OSHA standards. He obviously had safety authority because he told the employees to take necessary safety precautions, and he actually supervised safety aspects of the work in this case. After the accident, he told a representative of his workers' compensation insurer that the accident was his responsibility and that the excavator, Pexa, was not responsible for the safeness of the ditch. If the employer delegated its safety responsibility to any employee, the evidence shows Zazza is the person to whom it must have gone. No other supervisory employees were interposed between the corporation and the other employees.

This situation is analogous to that in *Davis* where we found sufficient evidence to generate a jury issue. 261 N.W.2d at 503. Similar evidence of delegation was held to be sufficient in *Galloway v. Employers Mutual of Wassau*, 286 So.2d 676, 680–83 (La. App.1974). The *Kerrigan* criteria were taken from an earlier Louisiana case, *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973), and were applied in *Galloway* in an action

against three executive officers of a small corporation. As in the present case the evidence was largely circumstantial. No formal delegation of safety responsibility was shown but the corporation let the officers do "everything." In addressing the delegation issue, the court said: "It is quite obvious that if the Board of Directors did not specifically delegate 'safety' to these men, then safety was included, along with all other duties delegated to them in general." 286 So.2d at 681. A similar conclusion was reached in analogous circumstances in *Vega v. Southern Scrap Material.Co.*, 517 F.2d 254, 259 (5th Cir. 1975). The same conclusion is warranted here.

We believe the evidence was sufficient in the present case to support submission of the specifications of breach of delegated duty. The trial court was correct in so holding.

█ III. *Rulings on instructions.* Zazza complains of the trial court's refusal of his requested instructions 2 and 9 and of the giving of instructions 16 and 17. Requested instruction 2 set forth the *Kerrigan* criteria and would require them to be met before liability could be imposed. Requested instruction 9 concerned the issue of control of the work of the excavator as an independent contractor. Instructions 16 and 17 submitted the specifications of negligence and delineated Zazza's duty of reasonable care as well as the *Kerrigan* criteria.

█ Because requested instruction 2 did not embrace Zazza's common-law duty of reasonable care and because that duty as well as the *Kerrigan* criteria were included in instruction 17, the court did not err in refusing to give instruction 2 and in overruling the objections to instruction 17. Because substantial evidence supported the specifications of negligence, the court did not err in overruling the objections to instruction 16. To the extent the concepts in instruction 9 were correct, they were substantially incorporated in instructions 21A and 23 which were given by the court.

Therefore we find no merit in Zazza's complaint about the court's rulings on instructions.

IV. *Rulings on evidence.* Zazza contends the trial court erred in two rulings on evidence. First, he asserts the court should have allowed greater inquiry on the subject of plaintiffs' receipt of workers' compensation benefits. Second, he alleges the court erred in overruling his objection to two exhibits containing OSHA standards for trench safety.

Zazza sought to offer evidence to inform the jury that plaintiffs had received workers' compensation insurance, and he contends the court erred in sustaining plaintiffs' objection to the evidence. His main theory of admissibility depends on his contention that the employer's safety responsibility is nondelegable and that Zazza should be able to rely on the employer's exclusivity defense. This theory is inconsistent with our cases discussed in division I which recognize the delegability of the duty and the limitation of the exclusivity defense to the employer.

Zazza also asserts he should have been able to show the payments because plaintiffs called the representative of the workers' compensation insurer who referred in his testimony to the "insured Zazza." However, when this occurred, the trial court permitted Zazza to question the witness to establish that the employer was the insured rather than Zazza. We do not decide whether the initial testimony should have been permitted, but we hold that Zazza's present complaint lacks merit because the additional interrogation of the witness which was permitted removed any possibility of prejudice to Zazza from the original testimony.

This is not a real party in interest problem such as was presented in *Johnson v. Johnson*, 245 Iowa 1216, 65 N.W.2d 157 (1954), the case relied on by Zazza. Moreover, the viability of the *Johnson* holding is undermined by the subsequent decision in *Grings v. Great Plains Gas*, 260 Iowa 1309, 152 N.W.2d 540 (1967). The trial court did not err in sustaining plaintiffs' objection to Zazza's proffer of evidence showing payment of workers' compensation benefits.

In his second complaint about evidentiary rulings, Zazza asserts that the court erred in receiving exhibits showing OSHA trench safety standards and in instructing on them over his objections on relevancy, hearsay, and foundation grounds.

Because the relevancy objection depends on his theories of nondelegability and absence of evidence of delegation, it fails for the same reasons those theories fail.

Exhibits 5 and 6 were copies of the standards taken from the Federal Register. As such, they were subject to judicial notice. 44 U.S.C. § 1507 (1970); *See* Fed. R. Evid. 201; C. McCormick, *Handbook of the Law of Evidence* § 335, at 777 (E. Cleary 1972) ("When such documents are published in the Federal Register it is provided that their contents shall be judicially noticed."). No hearsay problem is presented. *Cf. Jorgensen v. Horton*, 206 N.W.2d 100, 103 (Iowa 1973) (holding that private safety codes are admissible as an exception to the hearsay rule on the basis of trustworthiness and necessity).

Finally, we find no merit in the foundation objection. An expert witness for plaintiffs testified that exhibit 5 contained the standards which were in effect on the date of the accident. Exhibit 6 contained the standards as amended after the date of the accident which were offered to answer an objection by Zazza that the standards in exhibit 5 had been adopted in 1971 and might have been amended before the date of the accident. In addition to the fact that the standards were subject to judicial notice, the foundation for admissibility of exhibits 5 and 6 was not vulnerable to Zazza's objection.

The trial court did not err in its rulings on evidence or in instructing the jury on the standards in the respects claimed.

V. *The statute of limitations.* Zazza contends the trial court erred in refusing to dismiss the actions on the ground the petitions were amended to allege new causes of action after expiration of the two-year period of limitations. *See* § 614.1(2), The Code. The petitions originally based

the claims on allegations of gross negligence, as if the 1974 amendment to section 85.20 limiting coemployee liability to gross negligence affected these actions. However, in *Moose v. Rich*, 253 N.W.2d 565 (Iowa 1977), this court held that the statutory change was not retroactive. After that decision plaintiffs amended their petitions to allege only simple negligence.

Under Iowa R. Civ. P. 89, as amended in 1976, "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Under this rule, modeled on Fed. R. Civ. P. 15(c), an amendment relates back if its allegations arise from the same conduct, transaction or occurrence because the original pleading is deemed sufficient to put the opponent on notice of the claim. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1497 (1971).

In the present case, the only change from the original pleading was the striking of the adjective "gross" in describing the conduct upon which the claim of liability was predicated. Even the specifications of negligence remained the same. This situation comes within rule 89. The trial court ruled correctly that the actions as amended were not barred by the statute of limitations.

**VI.** *Jury misconduct.* Zazza's assertion of jury misconduct rests on familiar claims relating to allegedly impermissible considerations which influenced the verdicts. Juror affidavits supporting and refuting the claim of misconduct were obtained. Most of the matters relied on inhere in the verdict. To the extent they do not, the trial court held no misconduct was shown which could have affected the verdict. Applicable principles are discussed in *Rudolph v. Iowa Methodist Hospital*, 293 N.W.2d 550, 560 (Iowa 1980), and *State v. Rouse*, 290 N.W.2d 911, 916–17 (Iowa 1980). Applying them here, we hold that the trial court did not abuse its discretion in overruling Zazza's motion for new trial on the ground of jury misconduct.

No reversible error has been shown.

Plaintiffs have moved for judgment on Zazza's appeal bond. Pursuant to Iowa R. App.P. 9, the motion is sustained, and judgment for the amount of the judgments and costs is entered against the surety on the bond.

AFFIRMED.

All Justices concur, except REES, J., who takes no part.