Louis PFOHL, Trustee Under the Last Will and Testament of Margaret Pfohl, Plaintiff-Appellee,

v.

CITY OF DUBUQUE, Iowa, Defendant-Appellant.

No. 84–981.

Court of Appeals of Iowa.

March 26, 1985.

Barry Lindahl, City Solicitor, Dubuque, for defendant-appellant.

Stephen Juergens of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

OXBERGER, Chief Judge.

The defendant City has appealed from the trial court's decision that the plaintiff is entitled to an agriculture deferment. We affirm.

Plaintiff Louis Pfohl, as trustee under this mother's testamentary trust, holds legal title to a parcel of farm land located within the City of Dubuque. In 1980 two persons who owned property located near plaintiff's farm petitioned the City for extension of the public sewer to their area. Plaintiff objected. In mid-1980 the City's staff recommended that the City proceed with the sewer extension. The bulk of the financing was to be met by assessing the owners of the property through which the extension would run, including plaintiff.

The city council adopted a proposed resolution of necessity for the project and other relevant proposed resolutions. Notices of

the public hearing on the matter to be held January 18, 1982, were mailed and published.

At the public hearing, plaintiff appeared through his attorney and objected to the project. On January 25, 1982, plaintiff delivered a written letter to the city clerk requesting an agricultural deferment of any special assessment. The resolutions were subsequently adopted.

After adopting the resolution, another property owner filed a request for an agricultural deferment. The city staff had anticipated the plaintiff's request, but was not aware other requests for deferment might be filed. On February 5, 1982, the city manager reported that bidding would be canceled and recommended to the city council it repeal the resolution of necessity. On February 15, the council voted to reject repealing the resolution and told the staff to attempt to resolve the problems with the project.

A number of meetings followed with the plaintiff which culminated in an agreement. The matter of plaintiff's deferment was discussed at the meetings. The parties agreed to realign the sewer through plaintiff's property along an easement granted by plaintiff to the City for $1.00. The plaintiff was to pay the City $4000 for realigning the sewer. This agreement saved the City the trouble and cost of condemnation proceedings. On September 17, 1982, plaintiff delivered the easement to the city.

The city manager decided the council should adopt another resolution of necessity on the project because nine months had passed since the earlier resolution, the agreed change in alignment of the sewer over the Pfohl property had occurred, and because of the effects of inflation on the January cost estimate. The resolution adopted was identical to the earlier resolution except for realignment through plaintiff's property, two new specifications regarding asphalt and bedding of the pipe, and an inclusion that a portion of the costs would be paid by an additional city fund.

Notice of the public hearing was mailed on November 8, 1982.

Plaintiff attempted through an employee to file another deferment request, but the letter was not filed by the employee until eleven days following the hearing, one day longer than indicated under the applicable statute.

On December 1982, plaintiff filed a petition seeking a declaration as to the validity of the deferment request, also alleging the assessment was invalid and that defendants breached their contract with plaintiff.

The district court decreed that plaintiff was entitled to an agricultural deferment. The court ruled against plaintiff with regard to the validity of the assessment and the contract claim. The defendant has appealed.

Defendant claims the court erred in allowing the deferment, since the letter was filed one day too late under Iowa Code section 384.62. The court found there was no distinction between the two resolutions passed, and that the first had never been repealed. The City responds by saying the resolutions were the same, but the projects were different.

It is not surprising that there are no cases on point regarding this narrow area of law. This is an equitable action, however, and we will look to the equities of the situation.

We find the doctrine of relation back is relevant to the circumstances here. Authorities have indicated this is "that principle by which an act done at one time is considered by a fiction of law to have been done at some antecedent period ..." 76 C.J.S. *Relation* (1952). Plaintiff points out the case of another jurisdiction describing it as an equitable doctrine, and defined it as:

[A] fiction of law adopted by courts solely for the purposes of justice; a legal fiction invented to promote the ends of justice, or to prevent injustice and the occurrence of injuries where otherwise there would be no remedy.

*Consumer Public Power District v. Eldred,* 146 Neb. 926, 936, 22 N.W.2d 188, 194 (1946). We have allowed a claim to relate back to an original pleading when it arises out of the conduct, transaction, or occurrence set forth in the original pleading. Iowa R.Civ.P. 89, *Pease v. Zazza,* 295 N.W.2d 43, 49 (Iowa 1980). This type of relation back is permitted to prevent a bar of limitations "especially where there is reasonable ground for holding the amendment to be only an amplification and expansion of the cause of action..." 54 C.J.S. *Limitations of Action* § 279 (1948).

While the City would like this court to believe the resolutions dealt with two projects, it is evident that one project is involved; the development of the sewer system over an area including plaintiff's property. Not only was the first resolution never repealed, the city council explicitly refused to repeal the resolution. It appears the city council was of the opinion that one project and one resolution, with amendments, was considered. We agree with the trial court that, "It would require unjustifiable 'fine distinction' to deny Plaintiff's deferrment on the grounds urged by Defendant inasmuch as there is no material distinction between the two resolutions of necessity." Equity requires a finding that plaintiff is entitled to the deferment.

AFFIRMED.